## 𝔥𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

COMMONWEALTH V. WELLER & SONS.

JANUARY 11th, 1887.

Absent, LEWIS, P.

1. COMMONWEALTH—*Suits against*—No one can sue the State except by her consent and as provided by law.
2. CONSTITUTION OF THE U. S., ART. I, SEC. 10—*Rules of evidence.*— This section has no application whatever to rules of evidence prescribed by the law-making power of this State to govern proceedings in her courts.
3. IDEM—*Taxes—Coupons—State bonds*—Act of January 26, 1886, requiring in suit to test genuineness of coupons purporting to be cut from State bonds, the production of the bonds with proof that the coupons were actually cut therefrom, is not repugnant to that section.
4. IDEM—*Expert-evidence*—Act of January 21, 1886, forbidding expert-evidence to prove genuineness of any instrument made by machinery, &c., is not repugnant to said section.

Error to judgment of corporation court of city of Lynchburg, rendered October 19, 1886, in a proceeding wherein the Commonwealth of Virginia was defendant, and W. L. Weller & Sons were plaintiffs. That proceeding was under the act of January 14, 1882, to verify coupons tendered by them to pay their State taxes for 1885. At the trial, plaintiffs were called on to produce the State bonds from which the coupons were claimed to have been cut, under act of January 26, 1886. Plaintiffs objected on the ground that the act was repugnant

to Constitution U. S., Article I, section 10. The court sustained the objection. Plaintiffs then offered expert-evidence to prove the genuineness of the coupons. The attorney for the Commonwealth objected. The court overruled the objection and admitted the evidence. Verdict and judgment for the plaintiffs. The rulings of the court having been excepted to and the facts certified, a writ of error and *supersedeas* was awarded to the said judgment.

*R. A. Ayers*, Attorney-General, for the Commonwealth.

No counsel appeared for defendants in error.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the corporation court of the city of Lynchburg, rendered on the 19th day of October, 1886, upon an issue as to the genuineness of coupons offered in payment of taxes. The Commonwealth, by her attorney, moved that the plaintiffs be required to produce the original bonds from which the coupons were alleged to have been cut. The court overruled this motion, and the Commonwealth excepted. This is the first assignment of error here.

The plaintiffs, in the progress of the case, offered one P. A. Krise as an expert to prove the genuineness of the coupons. The Commonwealth objected to the use of expert testimony in the case upon the trial of the issue, but the court overruled the objection, and admitted the alleged expert testimony, and the Commonwealth again excepted, and there was a verdict and judgment for the plaintiffs.

We will consider the assignments in their order.

The ruling of the court assigned as error under the first exception is in direct violation and disregard of the act of the

Legislature of this State, approved January 26th, 1886 (chapter 49), entitled "An act to prescribe a rule of evidence in certain cases." The court disregards this act because it held it to be unconstitutional and void. We are not favored, otherwise, with the reasons of the court, and there is no argument by the counsel for the defendant in error. In what respect the court considered the law *unconstitutional,* and *therefore void,* we are left to conjecture.

The Constitution of this State vests "the legislative power of this Commonwealth in the General Assembly." The act of assembly in question was an act to prescribe a rule of evidence in the courts of the State. The first article, § 10, of the United States Constitution provides, among other things, that no State shall pass any law impairing the obligation of contracts; but this provision has no application whatever to rules of evidence or procedure in the State courts. The same provision is found in the fifth article, fourteenth section, of the State Constitution.

The act in question does not in any way affect the obligation of the contract, which is the foundation of the action. The rule prescribed is one which affects the mode of procedure only, and is in accordance with the principles of the common law. It is a fundamental principle that the best evidence is required, of which the case is susceptible, and it is one of the most important of the rules of evidence. Every disputed fact must be proved by the best attainable evidence. It is a principle universally recognized by the courts. If the obligation of the State is admitted in the fullest sense as to all the bonds of the State, this admission admits no liability upon her for any but her own bonds; and, when a dispute arises as to the genuineness of any alleged bond of the State, as an original proposition, the genuineness of the bond must be proved by competent testimony; for, if it is not a genuine bond, the State

has no obligation concerning it. The bonds of the State are signed by her authorized public officer, the State treasurer. To these bonds, thus signed and duly executed, coupons are attached for the interest, which are not signed by any officer or authorized agent of the State, but are wholly printed or engraved. As long as the coupon is attached to the bond, the genuine signature to the bond, once established by competent testimony, as it may readily be, proves the coupon as well. The coupon, once detached, becomes a printed or engraved slip; and, although it may be genuine, and may have been cut from a signed bond—that is, a bond not only printed or engraved, *to be* duly executed by the State, *to be* signed by the treasurer, but a bond actually executed as the law required— when it is thus once detached, it does not bear the signature of any officer of the State written thereon, and may well be held difficult to be distinguished from a similar printed or engraved slip cut from an unexecuted bond. These bonds, with coupons attached, were originally printed or engraved, and sent to this State to be signed by the State treasurer. No action of the State, or officer of the State, was ever impressed upon the coupons, first or last. When cut from a bond which was executed duly as required by law, or when cut from a bond never really signed at all, they must therefore be exactly alike.

The Legislature of the State has declared that many spurious coupons are circulated, by which the State has been much embarrassed; and, in the judgment of the law making power, it becoming necessary that the genuine coupons should be distinguished from the spurious coupons, the proceeding in this case was devised. The remedy thus provided should be unobjectionable to the real bondholders. It not only does not impair the obligation of their bonds, but completely and effectually sustains it. The genuine coupons are to be paid, or to

be received for all debts or demands due the State. It is the spurious alone that are to be rejected.

It may be inconvenient to a bondholder to present his bond when he seeks to realize on his coupon, but that argument is of no avail against a rule of evidence, established by the Legislature to regulate the proceedings in the courts of this State. And, moreover, and beyond this, it must be remembered that this is a suit against the State, and the act is the sole authority for the proceeding, and a person availing himself of this remedy must be content to follow the terms of the act. The State can only be sued by her own consent; and, when this consent is availed of, it must be strictly followed. The corporation court of Lynchburg city erred in its ruling, as set forth under the first assignment of error, and the same is true of the ruling excepted to under the second assignment of error.

The act of assembly of January 21, 1886, forbids the use of expert testimony in the trial of an issue arising in such a case, for reasons that are obvious from what has gone before. But, whatever may have been the reason, the subject, like the first, was one coming within the legitimate scope of the legislative functions, and like the act of January 26, 1886, prescribes a rule of evidence for the conduct of trials in the courts of the State, and is binding on all the courts of the State. The Legislature considering the existence of spurious coupons, and their circulation, and the fact that the genuine and the spurious coupons were exactly alike, and indistinguishable therefore when detached, abolished the use of such testimony in this State. The object of this provision, and the effect of it, is to protect the State against fraud, and it impairs the obligation of no genuine bond. The effect of both of these provisions is to provide regulations and rules of procedure in the courts of the Commonwealth, wholesome in themselves, strictly within the province of the Legislature, and violative of no provision of the Constitution.

And the corporation court of Lynchburg city erred when it undertook to nullify these laws and declare them void, and for this cause the judgment complained of will be reversed and annulled, and the case remanded to the said corporation court of Lynchburg city for a new trial to be had therein, in accordance with this opinion.

JUDGMENT REVERSED.