# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

COMMONWEALTH v. BOOKER & CO.

SAME v. FIFTY-SEVEN OTHERS.

JANUARY 13th, 1887.

Absent, LEWIS, P.

1. COMMONWEALTH—*Suits against*—No one can sue the State except by her consent, and as provided by law.
2. CONSTITUTION OF THE U. S., ART. I, SEC. 10—*Rules of evidence.*— This section has no application whatever to rules of evidence prescribed by the law-making power of this State to govern proceedings in her courts.
3. IDEM—*Taxes—Coupons—State bonds.*—Act of January 26th, 1886, requiring in suit to test genuineness of coupons purporting to be cut from State bonds, the production of the bonds with proof that the coupons were actually cut therefrom, is not repugnant to that section.
4. IDEM—*Expert-evidence.*—Act of January 21st, 1886, forbidding expert-evidence to prove genuineness of any instrument made by machinery, &c., is not repugnant to said section.

Error to judgment of corporation court of city of Lynchburg, rendered 22d May, 1886, in a suit wherein W. D. Booker and R. R. Ligon, partners as W. D. Booker & Co., were plaintiffs, and the Commonwealth of Virginia was defendant. At the trial on the issue joined, as to the genuineness of the coupons offered in payment of taxes, the attorney for the Commonwealth moved that the original bond from which said

coupons were cut be produced as the only evidence of their genuineness. The court denied the motion, and held the act of assembly, approved 26th January, 1886 (see Acts 1885–86, ch. 49), entitled "An act to prescribe a rule of evidence in certain cases" · as void. The Commonwealth excepted. The plaintiff then introduced an expert to prove the genuineness, and objection being made under act approved 21st January, 1886 (see Acts 1885–86, ch. 45), entitled "An act to amend and re-enact section 39 of ch. 167, Code 1873, in relation to rules of pleading in evidence." This objection was overruled, the court holding that the last act was also unconstitutional and void. And the jury having rendered their verdict against the Commonwealth, the court entered up judgment accordingly; to which judgment she obtained a writ of error and *supersedeas.*

*R. A. Ayers,* Attorney–General, for Commonwealth.

*W. W. Larkin,* for defendants in error.

HINTON, J., delivered the opinion of the court.

These cases all involve the same questions presented in the case of the *Commonwealth* v. *Weller & Sons,* decided by this court (*ante* p. 721), and for the reasons given in the opinion delivered in that case, each of the judgments rendered in these cases must be reversed, and each of the cases must be remanded for a new trial to be had therein.

JUDGMENT REVERSED.