# Richmond.

## McGahey v. The Commonwealth.

### December 5th, 1888.

1. CONSTITUTION—*Taxation—Obligation of contracts.*—Act of May 12, 1887, authorizing the Commonwealth to enforce by summary proceedings payment of taxes by persons who have tendered State coupons therefor, wherein, if defendant relies on the tender, the burden is put on him to prove their genuineness, is not repugnant to sec. 10, Art. I, U. S· Constitution, as it violates no contract right to have the coupons received in payment of taxes. *Ex parte Ayers*, 123 U. S. 485.

2. IDEM—*Expert testimony—Rules of evidence.*—Section 10, Art. I, U. S. Constitution, does not apply to rules of evidence and procedure in State courts ; and act of January 21, 1886, providing that on trial of an issue as to the validity of coupons alleged to have been cut from State bonds, expert testimony shall be inadmissible, is not repugnant to said section. And so likewise of act of January 26, 1886, requiring the production o the bonds from which the coupons are alleged to have been cut. *Com'th v. Weller*, 82 Va. 721.

Error to judgment of circuit court of city of Alexandria, rendered June 5th, 1888, in proceedings wherein the Commonwealth was plaintiff, and the plaintiff in error, John McGahey, was defendant.   Opinion states the case.

*A. B. Guigon*, and *W. L. Royall*, for plaintiff in error.

The plaintiff in error was sued in the circuit court of Alexandria city by the Commonwealth of Virginia for taxes alleged to be due to her under the act approved May 12, 1887.   When the case was called for trial he moved to quash the notice of motion, on the ground that the act of assembly aforesaid was

repugnant to section 10 of Article I of the Constitution of the United States. The court overruled this motion, and the plaintiff in error excepted to its action. This action of the court is assigned for error. At the trial the plaintiff in error—the defendant below—proved that when the taxes became due, and before the action was brought, he tendered in payment thereof coupons purporting to have been cut from bonds issued by the State of Virginia, under her funding act of March 30, 1871, which were payable to bearer, were overdue, and purported to be receivable for all taxes due the State. He proved, further, that he never owned the bonds from which said coupons were cut, but that he had bought them in the open market as and for genuine coupons. He then offered to prove, by the testimony of an expert witness, that the coupons were genuine coupons, but the court refused to receive said testimony or allow it to go to the jury, because the act of the general assembly of Virginia, approved January 21, 1886, entitled "an act to amend and re-enact section 39 of chapter 167 of the Code of 1873, in relation to rules, pleading and evidence," now incorporated into and constituting part of section 412, Code of 1887, forbade it, to which ruling of the court the defendant then and there excepted, upon the ground that said act is repugnant to section 10, Article I, Constitution of the United States. Defendant assigns this action of the court as error.

The Commonwealth then called on the defendant to produce the bonds from which the coupons purported to have been cut. The defendant moved the court to overrule this demand, on the ground that the act of the general assembly, approved January 26, 1886, under which said demand was made, was repugnant to section 10, Article I, of the Constitution of the United States; but the court ruled that said act was valid, and sustained the demand, and defendant excepted. This action of the court is assigned as error.

The defendant thereupon prayed the court to instruct the jury that the production of the bonds from which the coupons in

issue were cut was not necessary to prove their genuineness, and that the act of assembly requiring such production was repugnant to said article of said constitution; but the court refused this instruction and instructed the jury that said act was valid. Defendant excepted to both rulings, and assigns both here as error.

At the trial the defendant proved that the State issued, under her funding act of March 30, 1871, many millions of dollars of her bonds, with interest coupons attached, which were to be receivable by her for all taxes due to her, which were payable to bearer, and that all of the coupons were taken from an engraved plate simply and were not signed by any officer or other person.

The defendant prayed the court to instruct the jury as follows:

"If the jury believe from the evidence that the State of Virginia issued her bonds, with tax-receivable interest coupons thereto attached, which coupons were made payable to bearer, and were printed from engraved plates, and not signed manually by any officer of the State, and if they further believe that the defendant purchased the coupons filed with his plea of tender in the open market in good faith, as and for genuine coupons of said State, then they are instructed that the burden is upon the State to prove said coupons spurious, and that the act of her general assembly, approved May 12, 1887, entitled 'an act to provide for the recovery, by motion, of taxes and certain debts due the Commonwealth,' which attempts to place upon the defendant the burden of proving them genuine, is repugnant to section 10, Article I, of the Constitution of the United States, and is void"; but the court refused to give this instruction, and the defendant excepted. This action of the court is assigned as error.

The general proposition which the plaintiff in error contends for is this: When the State of Virginia issued her bonds with negotiable coupons thereto attached, she *ex vi termini* contracted that they might be separated one from the other, the coupon

coming to be owned by one person, whilst the bond might be owned by another in a separate jurisdiction, without any connecting links whatever between the two persons. This being so, she necessarily barred herself from any rights to demand from the person holding the coupon the production of the bond from which it came, in any issue between herself and the coupon-holder, since it was manifestly a physical impossibility for this coupon-holder to produce the bond. The case of *Beers* v. *Arkansas* will be relied on to maintain her right to demand the production of the bond, but manifestly that case and the present are directly the antipodes of each other. In *Beers* v. *Arkansas*, Beers was suing Arkansas, and he was of course compelled to sue her on such terms as she chose to grant; but in this case the State is suing the coupon-holder, and when he cannot produce the bond, if he is not allowed to resort to other evidence, he cannot prove his case at all. To deny him this right is contrary to the first laws of natural justice. It is to say that after he has bought the coupons on the State's invitation to him to do so, and relying on her contract that he should not be called on to produce the bonds, yet he shall be compelled to stand up in court and defend himself, but without being allowed to resort to any means whatever of defence.

No court whatever ever sanctioned such a proposition as this, and it has been expressly condemned. See Cooley's Constitutional Limitations, p. 368, margin, 458 top, 4th edition, in which the author says: "But there are fixed bounds to the power of the legislature over this subject, which cannot be exceeded. As to what shall be evidence and which party shall assume the burden of proof in civil cases, its authority is practically unrestricted so long as its regulations are impartial and uniform, but it has no power to establish rules which, under pretence of regulating the presentation of evidence, go so far as altogether to preclude a party from exhibiting his rights."

It is respectfully submitted that the judgment should be reversed.

*Attorney-General R. A. Ayers,* for defendant in error.

LACY, J., delivered the opinion of the court.

This case is as follows: The plaintiff in error was indebted to the Commonwealth of Virginia in the sum of $12.60, as taxes for the years 1886, 1887, for which he tendered alleged coupons of the State in payment, which were refused by the collector of taxes. He was thereupon sued by the Commonwealth for the amount of his said taxes due the Commonwealth, and judgment was rendered for the Commonwealth; whereupon he applied to this court for a writ of error, which was awarded. The proceeding was by motion, and the defendant moved to quash the notice of said motion, and dismiss all proceedings under it, upon the ground that the act of assembly approved May 12, 1887, under which the motion is instituted and the notice given, is repugnant to section 10 of Article I of the Constitution of the United States, which motion the court overruled, and this ruling of the court is assigned as error.

The act in question came under review in the supreme court of the United States in the case *In re Ayers,* 123 U. S. 485, 8 Sup. Ct. Rep. 164. After citing the provisions of the act deemed material, the court said: "If a suit may be rightfully brought at all by the State to recover a judgment for taxes, in such a case, certainly, there is nothing in the provisions that violates any legal or contract right of the party sued." And again: "The bringing of such actions is no breach of any contract subsisting between the complainants (complainants in the principal suit) and the State of Virginia." Opinion of Mr. Justice Matthews, 123 U. S. 494–496, 8 Sup. Ct. Rep. 172. There was therefore no error in this ruling of the circuit court.

The second assignment of error is as to the refusal of the circuit court to allow the use of expert testimony to prove the genuineness of the coupons tendered for the payment of the taxes sued on. The ruling of the circuit court on this point

was in accordance with the rule of evidence prescribed by law, to be found in the act of assembly approved January 21, 1886, entitled "an act to amend and re-enact section 39 of chapter 167, Code 1873, in relation to rules of pleadings and evidence." We are of opinion that the claim set up by the plaintiff in error, that this act is also contrary to the said tenth section of Article I of the Constitution of the United States, and Article XIV of the amendments thereto, cannot be sustained for reasons fully set forth in repeated decisions of this court. *Com'th* v. *Weller,* 82 Va. 721; *Com'th* v. *Booker,* 82 Va. 964; *Newton* v. *Com'th,* Id. 647; *Cornwall* v. *Com'th,* Id. 646. In the last case, which was a suit against the State, this court said: "The cited clause of the United States Constitution has no application whatever to rules of evidence prescribed by the law-making power of the State to govern proceedings in her own courts. The said provision of the United States Constitution has no application to this case. This is a suit against the State of Virginia, and the plaintiff in error can only sue the State by her own consent, and when he avails of this consent he must pursue the remedy as it is provided by law." And in the case of *Com.* v. *Weller, supra,* this court said: "The constitution of this State vests the legislative power of this Commonwealth in the general assembly. The act of assembly in question was an act to prescribe a rule of evidence in the courts of this State. The first article, section 10, of the United States Constitution provides, among other things, that no State shall pass any law impairing the obligation of contracts; but this provision has no application whatever to rules of evidence or procedure in the State courts. The same provision is found in the fifth article, fourteenth section, of the constitution of the State of Virginia."

The defendant in the case moved the court to require the production of the bonds from which the coupons were cut, which motion the court allowed, and the plaintiff again excepted. But in this action of the circuit court there was no error. It is in accordance with the law of the State, and the ruling of this court in the case of *Com'th* v. *Weller, supra;* and the circuit court

did not err in instructing the jury that the act in question was constitutional and valid, and that it was necessary to produce the bond when demanded, in order to establish the genuineness of the coupon. Upon the whole case we are of opinion to affirm the said judgment of the circuit court of Alexandria city.

Lewis, P., dissented.

Judgment affirmed.