ESTHER PARROTT *vs.* THE CITY OF BRIDGEPORT.

A writ of mandamus is not an appropriate remedy for the enforcement of contract rights of a private nature.

It is granted only to prevent a failure of justice in cases where ordinary legal processes furnish no relief.

The writ refused, where applied for to compel a city to construct a public street, (which had been laid out but not opened,) in a certain special manner, not required by law, but which it was averred had been agreed to by the city and taken into consideration in the assessment of the petitioner's damages and benefits.

APPLICATION for a writ of mandamus; brought to the Superior Court in Fairfield County. Motion by respondents to quash the application, and case reserved upon this motion for the advice of this court. The case is fully stated in the opinion.

*C. Thompson,* for the petitioner.

*G. Stoddard,* for the respondents.

PARDEE, J. The petition shows that the city of Bridgeport, in the exercise of powers conferred upon it by its charter, completed in June, 1872, the laying out of a new street designated as Norman street, taking for that purpose a piece of land belonging to the petitioner, one thousand feet in length by fifty feet in width, of the value of about twelve hundred dollars, in addition to which she was assessed and compelled to pay one hundred dollars for benefits; that the street diag-

onally crosses a dam belonging to her at the point where the gate is located, and thence runs through the pond, which is valuable for ice-cutting; that properly to prepare the street for public use a bridge must be built over the stream at the point where the flume and gates are located; that the flume and that section of the earth-work of the dam which is included within the lines of the street were destroyed by a flood in 1873; that in order to preserve the ice-cutting privilege these must be reconstructed, and that this cannot be done until the street is properly graded and the bridge so built as to detain water in the pond.

The petition also sets forth that previous to the assessment for benefits the petitioner requested the committee making the same to assess them with a view to the preservation of the pond privilege, and notified them that the road and bridge must be constructed in connection with the flume and gate; and that the committee agreed to, and did thus assess the benefits. The petitioner then avers that thereby the city of Bridgeport entered into a special contract with her to construct the earth-work approaches to the bridge in such manner as to prevent the leakage of water from the pond, and to lay the walls thereof in cement mortar for the same purpose; that if the street is not thus worked the Naugatuck Valley Ice Company, the petitioner's lessees, will lose ten thousand dollars by reason of their inability to detain water and cut ice in the pond; and that the city has hitherto neglected to prepare the street for public travel. The petitioner also says that this neglect occasions irreparable damage to her as distinguished from the general public, for this among other reasons, that the failure to so construct the dam and bridge as to detain water has deprived her of all profits from the pond privilege; and she concludes her petition with these words: "Wherefore she prays this honorable court to issue its writ of mandamus requiring and enjoining said city of Bridgeport, without further delay, to make and fit for safe and convenient use by her and the public said street its entire length, and to work that section of said street between Church Lane and Union Avenue in such a manner as to preserve the pond priv-

Parrott *v.* City of Bridgeport

ilege by laying the stone work of the bridge aforementioned in such a manner as to be water-tight, and have the same finished and completed on or before the 15th day of November, A. D. 1874, or within such time as the court shall fix, or signify cause to the contrary thereof to this court; and as in duty bound your applicant will ever pray."

This prayer is single and definite; it presents no alternative; it is not for the construction of the way at such time and in such manner as in the discretion of the city authorities will best enable them to discharge their governmental duty to the public; it is that the court shall order the work to be done in the manner specified by the petitioner, for her private advantage, disregarding all public considerations. She asks that a certain portion of the way shall be so constructed that it shall be water-tight and preserve the pond privilege, not because such an expenditure is necessary to render the way safe and convenient for travelers, but because the city has bound itself to her by a special contract so to do, and she is unable to profit by the pond privilege until performance of the agreement can be enforced. The duty, therefore, if any, which rests upon the city in this regard, is one which it owes to the petitioner as an individual, not to the public, and the special contract is the foundation upon which it rests. But the writ of mandamus has never been considered as an appropriate remedy for the enforcement of contract rights of a private and personal nature and obligations which rest wholly upon contract and which involve no questions of public trust or official duty. Indeed, strictly speaking, it never lies where the party aggrieved has adequate remedy at law, and its aid is only to be invoked to prevent an absolute failure of justice in cases where ordinary legal processes furnish no relief. In *County Commissioners* v. *Zanesville Turnpike Co.*, 16 Ohio State R., 308, the relators prayed for a writ compelling the respondents to contribute three-fourths of the expense of repairing a bridge, upon the ground that they had contracted so to do. The court denied the writ for the reason that it is not its office to enforce obligations arising upon contracts. In *State ex rel. Bohannon* v. *Howard County*, 39 Misso., 375, the

relator prayed for the writ to compel the respondents to pay him a portion of his bounty as a volunteer. The petition was denied, the court saying that it would not "undertake by writ of mandamus to enforce simple common law rights between individuals, such as payment of money, or where there is another adequate legal remedy." In England, by act of Parliament, a plaintiff has the right to claim a writ of mandamus "commanding the defendant to fulfil any duty in the fulfilment of which the plaintiff is personally interested." Under this, in *Benson* v. *Paull*, 6 El. & Bl., 273, the plaintiff claimed the writ to enforce the execution of a lease in fulfilment of a contract between the parties. But Lord Campbell, C. J., said—"I am of opinion that the right to demand mandamus for the fulfilment of a duty, under section 68, does not extend to the fulfilment of duties arising merely from a personal contract. If it did so it would extend to every case of contract; for no doubt it is the duty of one who makes a promise to fulfil it."

We advise the Superior Court to dismiss the petition.

In this opinion the other judges concurred.