## POINDEXTER *v.* GREENHOW, Treasurer.

IN ERROR TO THE HUSTINGS COURT OF THE CITY OF RICHMOND, VIRGINIA.

## WHITE *v.* GREENHOW.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

## CARTER v. GREENHOW.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF VIRGINIA.

Motion to advance, made October 9th, 1883.—Denied October 15th, 1883.

*Practice.*

A case will not be taken up out of its order simply because it is of great
public importance.

Motion to advance a suit against a tax collector.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

These motions are denied. Rule 32 applies only to writs of
error and appeals brought to this court under the provisions of
section five of the act of March 3, 1875; that is to say, to writs
of error and appeals from orders of the circuit courts remand-
ing causes which have been removed from a State court, and
from orders dismissing suits because they do not really and
substantially involve disputes or controversies properly within
the jurisdiction of the circuit courts, or because the parties to
the suits have been improperly made or joined for the purpose
of creating a case cognizable under that act. These are not
such cases. That of Poindexter is a writ of error to a State
court. In those of White and Carter, begun in the circuit
court, the declarations were demurred to because not sufficient
in law, and the judgments were in favor of the defendants on
the demurrers. The cases as made by the declarations were
disposed of on the merits, and the writs of error are for the
review of such judgments.

Neither are the parties entitled to a hearing in preference to
others under the provisions of section 949 of the Revised
Statutes. The State of Virginia is not a party to either of the
suits, and the execution of the revenue laws has not been en-
joined or stayed. A tax collector has been sued for alleged
wrongs done the several plaintiffs while he was engaged in the
collection of taxes due the State, but he is not restrained from
discharging any of his official duties.

Par. 4 of Rule 26 relates only to revenue cases and cases in

which the United States are. concerned, which also involve or affect some matter of general public interest. Even these can not be advanced except in the discretion of the court and on the motion of the attorney-general.

The questions involved may be of public importance, but that does not necessarily entitle the parties to a hearing in preference to others. Practically, every case advanced post-pones another that has been on the docket three years awaiting its turn in the regular call. Under these circumstances we deem it our duty not to take up a case out of its order except for imperative reasons.

*Motion denied.*