HENRY H. APLIN, AUDITOR GENERAL, v. THE BOARD OF SUPERVISORS OF GRAND TRAVERSE COUNTY.

*Taxes—Accounts between State and county—Mandamus—Action against State—Set-off.*

In this case it is held that the set-off claimed by the county is in its nature in *assumpsit,* and its attempted enforcement only an irregular form of action against the State, and that a suit cannot be maintained, directly or indirectly, involving a common-law issue against the State.[1]

*Mandamus.* Submitted on briefs October 18, 1888. Granted January 11, 1889.

Relator applies for *mandamus* to compel respondent to levy a tax for an amount due the State from said county. The facts are stated in the opinion.

*Moses Taggart,* Attorney General (*R. W. Butterfield,* of counsel), for relator.

*Thomas W. Browne* (*Pratt & Davis,* of counsel), for respondent.

SHERWOOD, C. J. The petition for *mandamus* in this case is to compel respondent to levy a tax to pay the sum of $11,616.60, being the amount petitioner claims the county owed the State on July 1, 1887. Respondent

---

[1] See *Auditor General v. Van Tassel,* 73 Mich. 28.

admits the correctness of the amount claimed, except $2,149.18. Respondent claims that there had been an open and continuous account, consisting of debits and credits, between the county and State since 1856, and that the county is entitled to have the last-named sum charged back to the State on a correct accounting, which has never yet been had between the parties. The respondent insists upon its right to have the sum it claims set off against the amount the State demands, and asks that this Court shall so adjust the account before it directs that the writ shall issue.

It is not claimed that the amount respondent asks to have set off has ever been submitted to the auditing officers of the State for allowance, or that they have ever passed upon or allowed the same, or that the amount has ever been adjudicated as due to the county from the State by any court or other competent authority. No question is made but that the State charged lawfully the amount the county now claims, but the claim is that by reason of something that has since occurred the county is entitled to have the money back.

The set-off claimed by the county is in its nature in *assumpsit,* and the right claimed to make the set-off is only an irregular form of action against the State; and a suit cannot be maintained, directly or indirectly, involving a common-law issue only, against the State. *Ambler v. Auditor General,* 38 Mich. 746; *Auditor General v. Supervisors,* 62 Id. 579 (29 N. W. Rep. 492); *People v. Miles,* 56 Cal. 401; *U. S. v. Robeson,* 9 Pet. 319; *U. S. v. Gilmore,* 7 Wall. 491; *Watkins v. U. S.,* 9 Id. 765.

Other considerations might be mentioned, making it proper to issue the writ in this case, but the foregoing are sufficient.

The writ must be granted, but without costs.

CHAMPLIN, MORSE, and LONG, JJ., concurred.