THOMAS CANHAM v. ARCHIBALD MOONEY.

*Specific performance of contract to convey lands.*

In this case the Court find from the evidence that complainant has established his case, and decree a specific performance of the contract by the defendant. The case involves questions of fact purely.

Appeal from Sanilac. (Beach, J.) Argued October 19, 1888. Decided January 11, 1889.

Bill to enforce specific performance .of parol contract for sale of land. Complainant appeals from decree dismissing bill. Reversed, and decree entered granting relief prayed for. The facts are stated in the opinion.

*Avery Bros.* (*C. H. McGinley*, of counsel), for complainant, contended:

.1. Complainant, having purchased and paid the full consideration for the property in question, and placed valuable improvements thereon, is entitled to a specific performance of the contract on the part of defendant; citing *Cilley v. Burkholder*, 41 Mich. 749; *Bomier v. Caldwell*, 8 Id. 463; *Burtch v. Hogge*, Har. Ch. 31; and a conveyance of the land is the only adequate remedy; damages cannot compensate him; citing *Peer v. Keen*, 14 Mich. 354; *Peckham v. Balch*, 49 Id. 179.

*William A. Mills* and *Divine & Babcock* (*O'Brien J. Atkinson*, of counsel), for defendant, contended:

1. The contract for the quitclaim deed was distinct and disconnected from the lot transaction, and is void under the statute of frauds; citing How. Stat. § 6179; *Gugins v. Van Gorder*, 10 Mich. 523; *Enos v. Sutherland*, 11 Id. 540; *Morrill v. Mackman*, 24 Id. 279; *Whiting v. Butler*, 29 Id. 144; *Warren v. Tobey*, 32 Id. 45; *Hayes v. Livingston*, 34 Id. 384, 396; *Mette v. Feldman*, 45 Id. 25; *Raub v. Smith*, 61 Id. 543, and cases cited on page 547.

2. A parol agreement to convey land will not be specifically per-

formed unless the contract is precise in its terms and clearly proved; citing *Kinyon v. Young*, 44 Mich. 339; *Brown v. Brown*, 47 Id. 378; *Dragoo v. Dragoo*, 50 Id. 573; *Fox v. Pierce*, Id. 500.

Morse, J. Complainant claims that on April 15, 1886, he purchased of defendant lots 45 and 49 of the defendant's plat of a part of the village of Minden City, in the county of Sanilac, and also a strip of land lying between said lots and lands occupied by the Port Huron & Northwestern Railway Company as a right of way for its railroad. The agreement was an oral one, and the complainant was to pay defendant the sum of $250 in full of said purchase. Immediately after the contract of purchase, complainant entered into possession of the lots, and erected thereon a brick store, costing $2,500. He also claims that he took possession of the strip of land at the same time, and that the store is built partly on said strip. In December, 1886, complainant completed the payment of the purchase price of said premises. Defendant conveyed him the lots, but refused to deed the strip, to which, in the agreement, he had promised to give a quitclaim. In his bill of complaint filed in this cause in the Sanilac circuit court, in chancery, complainant prays that the defendant be decreed to convey to him all his interest in this strip of land, and be enjoined from selling or incumbering it.

The defendant answered, admitting that he agreed to and has conveyed the lots, but denied that he ever promised to convey this strip of land to complainant, or to sell his interest in it, or ever received any consideration for so doing.

The complainant also averred in his bill that the east two rods of this strip were used as a highway, and were of great value to him as a means of passage to and from said highway, as well as to and from the railroad station

next adjacent.    He alleged the legal title and ownership of the strip to be in the defendant.    This strip lies directly east of lot 49, and adjoins the same.

The defendant in his answer neither admits nor denies his title and ownership of the strip, but avers that he is under no obligation to convey it to complainant, never having contracted to do so.    He also avers that the complainant accepted the conveyance of the lots 45 and 49 in full satisfaction of the contract of purchase, and that he did not demand a quitclaim of this strip until afterwards.    Proofs being taken under this issue, the court below dismissed complainant's bill.    He appeals to this Court.

The circuit judge found, as shown by his decree, that at the time the parol contract was made this strip of land had been dedicated by the defendant to the public as a highway, and that by such dedication and the conveyance of lots 45 and 49 all the title and interest of defendant in this highway, which was that of adjoining owner, passed to said complainant; that the complainant, when he entered into the parol agreement of purchase, knew that the public were using this strip as a public highway. He further finds that he is not fully satisfied that any parol agreement was ever made to convey this strip.

We are satisfied that the complainant established his case.    The defendant himself admits that at one time he agreed to give the complainant a quitclaim deed of this strip, but undertakes to show that it was after the contract was made for the purchase of the lots.    The evidence shows, we think, by a great preponderance, that the defendant agreed to sell lots Nos. 45 and 49 and this strip of land to complainant, at the same time for $250, and that when this sum was paid he would execute a warranty deed of the lots, and a quitclaim deed of the strip; that he told complainant and others

that he would not give a warranty deed of the strip, because the village had gone on without right or his consent, and taken possession of a part of the land for a highway, and he wished to avoid trouble about it. In his answer, he set up no defense that he had dedicated this strip to the public. On the trial, however, he undertakes to make such a defense. The complainant, relying upon his agreement to purchase the strip, was not very particular about the location of his store building, and it now seems to appear from the record that the building is about four feet on the strip. The first steps to use this land as a highway were taken in 1884, and some of the strip on the west and adjoining the east line of lot 49 has never been so used, and has been occupied by farm machinery belonging to the complainant and his partner.

It is not for us to determine in this suit whether or not the village or the public has acquired the use of this strip of land as a highway. Certainly there has been no deed of it, nor any written dedication, to the public or the village authorities. The title of record stands in defendant. He claimed to own it at the time of the agreement, and cannot now escape his contract by showing that he acquiesced in the public use of it. He only contracted to quitclaim the land, and this he must do. At best, there is only an easement in the public, and it is uncertain whether such easement, if it exists, covers all this strip. The defendant cannot disturb that easement, if acquired by his consent, or destroy it by a quitclaim deed of his present interest in the premises. The complainant is entitled to what he contracted and paid for.

There is a claim advanced on the argument that complainant accepted the deed he received in full of the contract, but we do not think it is sustained by the record.

The decree of the court below is reversed, and a decree

will be entered here in accordance with the prayer of complainant's bill. The defendant must execute a quitclaim deed of his title and interest in this strip of land, or, if he fail to do so, the decree of this Court shall stand as such conveyance. Costs of both courts to complainant.

CHAMPLIN, CAMPBELL, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.