THE MILLS PUBLISHING COMPANY V. LARRABEE *et al.*

Mandamus: CONTROL OF DISCRETION OF EXECUTIVE COUNCIL : ACTION
   AGAINST STATE : CANNOT BE MAINTAINED.   This action was brought
   against the executive council to compel it to enter into a contract
   with plaintiff for the publication of the Iowa Reports for eight
   years, under chapter 60, Laws of 1880, and to enjoin it from enter-
   ing into a similar contract with S.   The bid of S. was filed within
   the time prescribed by the statutory notice which was given,
   and that of plaintiff was filed after that time ; but plaintiff's
   bid was the lowest, and by motion of the executive council
   it was accepted, and the attorney general was directed to
   draw a contract and bond in accordance with the bid and
   the statute.   Before the contract and bond had been executed,
   however, the council reconsidered its action in accepting plaintiff's
   bid, and awarded the contract to S., whose bond was approved,
   and the contract with him was signed and delivered.   *Held*—

   (1) That until the contract was closed with plaintiff, the council
       had to some extent a discretion which could not be con-
       trolled in the manner attempted in this action.

   (2) That although the state is not nominally a party, it is the
       real defendant, and that such an action cannot be main-
       tained against it without its consent.   (See cases cited in
       opinion.)

*Appeal   from   Polk   District   Court.*—HON.   JOSIAH
                 GIVEN,   Judge.

                 FILED, JUNE 4, 1889.

   ACTION to compel the executive council to enter into
a contract with plaintiff, and to enjoin it from execut-
ing a similar contract with E. W. Stephens.   The relief
demanded was denied, and plaintiff appeals.

   *Cole, McVey & Clark,* for appellant.

   *John Y. Stone,* Attorney General, *C. H. Gatch,* and
*Anderson & Davis,* for appellees.

   ROBINSON, J.—The executive council of Iowa adver-
tised, as required by section 4 of chapter 60, Acts, Eigh-
teenth General Assembly, for proposals for printing,

publishing and selling the supreme court reports for the term of eight years from the first day of June, 1888. The advertisement was as follows: "Notice is hereby given that in accordance with the provisions of chapter 60, Acts of the Eighteenth General Assembly, the executive council will receive bids for printing, publishing and selling the Iowa Supreme Court Reports for the term of eight years from the first day of June, A. D. 1888, as required by said act. All bids to be considered must be received at the office of the secretary of state on or before twelve o'clock m. of May 31, A. D. 1888. Each bidder must deposit with the treasurer of state the sum of one thousand dollars at the time of making his proposal, which amount shall be forfeited to the state in case of failure on the part of the bidder to enter into contract as provided in said act, should the contract be awarded to him. FRANK D. JACKSON, Secretary of State." In response to the notice three proposals were filed, as follows: One from Banks & Bros., to print, publish and sell the reports at one dollar and ninety-five cents per volume; one from E. W. Stephens, to publish and sell them at one dollar and thirty-six cents per volume; and one from plaintiff as follows:

"DES MOINES, IOWA, May 31, 1888.
"*To the Executive Council, State of Iowa:*

"The undersigned hereby propose to print and publish the Iowa Supreme Court Reports for the term of eight years, in accordance with the terms provided in chapter 60, Laws of 1880, at the price to the citizens of Iowa of one dollar and thirty-four cents per volume.

"MILLS PUBLISHING CO."

The proposal of Stephens was filed May 31, 1888, at 11:55 o'clock a. m.; that of Banks & Bros. was filed five minutes later; and that of plaintiff at 12:42 o'clock, p. m. Each bidder deposited one thousand dollars with the state treasurer at the time of making the proposal, and a receipt for that amount accompanied each bid. In the afternoon of the same day the executive council considered the several proposals, and took action as follows: "Moved and carried that the contract be awarded to the

lowest bidder, the Mills Publishing Company. On motion the state treasurer's receipts were returned to all bidders, excepting to the Mills Publishing Company. The proposal of Mills Publishing Company was referred to the attorney general, with request that he draw a contract and bond in accordance with their said proposal and the provisions of chapter 60, Acts of the Eighteenth General Assembly." At the time this action was taken, objection was made on the part of Stephens to the consideration of plaintiff's bid, on the ground that it was not filed within the time required by the notice. An informal opinion was given by the attorney general, and the action indicated was then taken. The governor was not present at that meeting. On the seventh day of June, 1888, the executive council met to consider further the making of the contract in question. At that meeting both plaintiff and Stephens were represented, and the sufficiency of plaintiff's bid, and the matter of letting the contract, were discussed, but no definite conclusion was reached. The opinion of the attorney general in regard to the matter in dispute was asked, and after it had been received another meeting of the executive council was had. Its action in accepting the proposal of plaintiff was reconsidered, the contract was awarded to Stephens, and on the fourteenth day of June his bond was approved, and the contract with him was signed and delivered. The plaintiff seeks to have that contract set aside, and asks that the executive council, the members of which are parties defendant, be compelled to execute a contract with plaintiff in accordance with its proposal, and the acceptance thereof by the council. The district court denied the plaintiff relief, and dismissed its petition.

I. It is insisted by appellees that this is in effect an action against the state, and that for that reason it cannot be maintained. It is contended by appellant that the action of the executive council in awarding to it the contract had the effect to make a valid agreement which it can enforce; that by that action the executive council exhausted its power to contract, and hence that the

agreement with Stephens is of no force, and that the acts which it asks the court to compel the executive council to perform are purely ministerial, involving no discretion. The statute does not require that the contract be let to the lowest bidder, but that it shall "be entered into by the executive council with the person, persons, or corporation who shall agree to publish and sell the same on the terms most advantageous to the people of the state." The one whose proposal is accepted becomes the "successful bidder," but the acceptance of his bid does not constitute the contract required by the statute. He may forfeit all claims to the contract and to his deposit. The contract must be made within thirty days after he is notified that his proposal is accepted, and, when made, a bond in the penal sum of ten thousand dollars, to be approved by the executive council, must be filed. Until these things are done the statutory contract is not made, and until that time the executive council may to some extent exercise a discretion. The contract is designed for the benefit of the state and its people. In entering into it the executive council act only in a representative capacity in discharging duties pertaining to the executive department of the government. The relief asked by plaintiff is that the executive council be compelled to enter into an agreement for and on behalf of the state of Iowa, giving to the plaintiff a monopoly of the business of making and selling to the people of the state, as well as to others, the reports which should fall within the provisions of the agreement. That which plaintiff seeks would be for all practical purposes a contract with the state. Although not nominally a party to the suit, the state is the real defendant. It is well settled that such an action cannot be maintained without the consent of the state. *Chance v. Temple,* 1 Iowa, 201 ; *Ex Parte Ayers,* 123 U. S. 443; 8 Sup. Ct. Rep. 164 ; *Hagood v. Southern,* 117 U. S. 52 ; 6 Sup. Ct. Rep. 608, and cases therein cited ; *People v. Canal Board,* 13 Barb. 438 ; *Board of Public Works v. Gannt,* 76 Va. 456 ; *State v. Burke,* 33 La. Ann. 504 ; *Marshall v. Clark,* 22 Tex. 31. The defendants claim that the proposal of plaintiff was not in all respects satisfactory.

We conclude that the discretion of the executive council cannot be controlled in the manner sought by plaintiff, and that this action, being virtually against the state, cannot be maintained. The judgment of the district court is therefore AFFIRMED.