(March 4, 1895.)

## PAYNE v. STATE BOARD OF WAGON ROAD COMMISSIONERS.

### [39 Pac. 548.]

MANDAMUS.—*Mandamus* will not lie to direct the board of state wagon road commissioners to allow a claim already rejected by the board.

(Syllabus by the court.)

Original proceeding in supreme court by writ of mandate.

Hawley & Puckett, for Plaintiff.

George M. Parsons, Attorney General, for Defendants.

No briefs found on file.

HUSTON, J.—This is an application for a writ of mandate to the state board of wagon road commissioners, commanding

the said board to audit and allow the bill of the petitioner, presented to said board, and by them disallowed. The law establishing the board of wagon road commissioners provides (Laws 1893, sec. 13, p. 28) "that, before the state auditor shall draw his warrant, all claims against said commission for labor performed, or materials furnished, shall be audited and allowed by said commission and shall be certified up to the state auditor by the president and secretary of said commission; provided, further, that before the president and secretary of said commission shall certify any claim to the auditor said claim or claims must be authorized by a vote of a majority of said commission, at a regular meeting of said commission." The claim in question was disallowed by the board of state wagon road commissioners, and this court is now asked to issue its mandate requiring said board to reverse their action and allow said claim. In support of this contention by the petitioner, we are cited to the case of *Wood v. Strother,* 76 Cal. 545, 9 Am. St. Rep. 249, 18 Pac. 766, and the cases therein cited. This was an appeal from a judgment awarding a writ of *mandamus* to the auditor of San Francisco to countersign a street assessment warrant under the act of 1872 of the legislature of that state, which act provided that the warrant shall be countersigned by the auditor, "who before countersigning it shall examine the contract, the steps taken previous thereto, and the record of assessments, and must be satisfied that the proceedings have been legal and fair." In this case the court say (quoting from the syllabus) : "The test for the issuance of a writ of *mandamus,* to compel a board, tribunal, or officer to do an act which he has refused to do, is not whether the refusal involves the exercise of discretion or an exercise of judicial power, but whether it was a determination which the law intended to be final; but, if not, whether there is a plain, speedy, and adequate remedy in the ordinary course." Without discussing the question of the correctness of this rule, we are of the opinion that the case of the petitioner does not come within it. It is claimed by the petitioner that the reason assigned by the board for the disallowance of the claim was that there

was no money remaining in the fund provided by the statute out of which the claim could be paid. This being so, the allowance of the claim by the board would only be a matter of evidence. The claim would stand as a claim against the state, and as such must pursue the course prescribed by law for all claims against the state, to wit, be first submitted to the state board of examiners, and, if disallowed by them, it can then be presented to this court in the manner prescribed by section 10, article 5 of the constitution. For this court, at this time, to command the board of wagon road commissioners to audit and allow a claim against a fund which the petitioner himself concedes is exhausted, would, it seems to us, be an act of supererogation. The constitution and the laws of the state provide an adequate remedy for the petitioner, and for this court to assume the functions of a board of audit, when its action, at the most, would only be recommendatory, is a proposition we are not prepared to entertain. There is nothing in any of the cases cited in support of the decision in 76 California and 18 Pacific which militates against this view. The alternative writ is quashed, costs to respondent.

Morgan, C. J., and Sullivan, J., concur.