SILAS WILSON, Appellant, v. LOUISIANA PURCHASE EXPO-
SITION COMMISSION ET AL.

**Mandamus:** ACTION AGAINST AGENTS OF THE STATE. The State can-
not be sued without its consent, and a litigant will not be per-
mitted to evade the rule by suit in mandamus to compel its
agents to audit and approve a claim requiring payment from
State funds.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE,
Judge.

MONDAY, MARCH 11, 1907.

THIS is a suit brought by the plaintiff for a writ of
mandamus to compel the Louisiana Purchase Exposition
Commission to pay to him the sum of $200, which he claims
to be due him from the State of Iowa under a contract made
with the commission. In his petition, the plaintiff alleges
the passage of an act by the General Assembly of Iowa, cre-
ating the commission in question and the appointment there-
under of certain persons as members of said commission.
He alleges that among other duties that were delegated to
the commission and to its executive committee was that of
auditing and passing upon bills that were presented for
allowance, that all bills that were incurred by virtue of the
power vested in said commission were to be passed upon and
approved by its executive committee, and that after such
approval proper vouchers were to be drawn therefor. The
plaintiff further alleges that he was employed by the horti-
cultural commission to work for it up to December 1, 1904,
at the agreed price of $5 per day; that he performed the work
as agreed, and thereafter he presented to the horticultural
department a bill for said work, and it was approved by said
department; that said bill was afterwards presented to the

executive committee of the commission; and that it was passed upon by said committee and disallowed. The plaintiff's prayer for relief asks that a writ of mandamus issue ordering the said executive committee to audit and approve said bill, and that the secretary and president of the commission be ordered to execute a voucher therefor. The answer put in issue the material allegation of the petition, and, in the second division thereof, it alleges that this suit is in legal effect a suit against the State of Iowa, and not against the defendant herein named; that the action brought by the plaintiff is based wholly upon the claim that defendants, as commissioners and agents of the State of Iowa, have not paid to him an amount of money which he claims to be due him from the State; and that the court has no jurisdiction to entertain or try this proceeding, and has no power or authority to make an order requiring the defendant to pay over to the plaintiff the money demanded by him, or to pay him any other sum. In the third division of the answer, the defendant alleges that the proceeding was brought for the purpose of compelling it to pay to the plaintiff money belonging to the State of Iowa upon an unliquidated claim, as to which no express promise to pay has ever been made by the defendant, and as to which no sum certain has ever been specifically acknowledged to be due to the plaintiff, and that the amount claimed by him is not fixed by operation of law. No attack was made upon the answer, but the plaintiff filed a reply setting out more fully the alleged contract of employment with the defendant, as explaining some of the matters alleged in the first division of the answer which are not material to the present consideration of the case. When the cause came on for trial, the plaintiff demanded a jury trial, which was denied him, and to which ruling he duly excepted. thereafter the case was tried by the court, and a judgment was rendered dismissing plaintiff's petition. He appeals.— *Affirmed.*

*Allen & Lingenfelter,* for appellant.

*Chas. W. Mullan,* Attorney-General, for appellees.

SHERWIN, J.— The appellant makes but one point in his brief and argument of this case, which is that the court erred in refusing to submit the issues involved to a jury for determination. On the other hand, the appellees contend that the suit cannot be maintained, because it is in effect a suit against the State, and because the State has never consented thereto. We think it must be conceded that, under the allegation of the petition, the defendants in this case are nominal only. The Louisiana Purchase Exposition Commission was a creature of the State, created for the specific purpose of representing the State and its interests at the exposition bearing its name. All expenses incurred by it in the execution of its delegated powers were payable from the funds of the State set apart by legislative authority for that express purpose. The commission was clearly but an agent of the State through whom the public funds were to be disbursed, and this disbursement was authorized by law only upon the exercise of the discretion and judgment of the commission. While the State is not named as a party in the action, it is quite clear to us that it is in fact the actual party in interest. If the writ prayed for were to be issued, it would compel the defendant to make a draft upon State funds; in other words, the effect thereof would be to compel the State itself to pay the plaintiff's claim, which is an unliquidated demand for which no specific provision has been made from State funds. It is fundamental that a State cannot be sued in its own courts without its consent, and it is a further rule that a litigant will not be permitted to evade the general rule by bringing action against the servants or agents of the State to enforce satisfaction for claims. *Cunningham v. Macon, etc., R. R. Co.,* 109 U. S. 446 (3 Sup. Ct. 292, 27 L. Ed. 992); *In re Ayres,* 123 U. S. 443 (8

Sup. Ct. 164, 31 L. Ed. 216) ; *Aplin v. Board of Supervisors of Grand Traverse County,* 73 Mich. 182 (41 N. W. 223, 16 Am. St. Rep. 576) ; *People v. Dulaney,* 96 Ill. 503 ; *Commonwealth v. Wickersham,* 90 Pa. 311 ; *Weston· v. Dane,* 51 Me. 461.

Under the rule that a·State cannot be sued in its own courts without its consent, it necessarily follows that a writ of mandamus will not ordinarily issue to compel State officers or agents to do an act involving discretionary or judicial determination of the question. Nor will such writ issue to compel the State to execute a contract made by it. Nor will the writ issue to compel the allowance of a rejected or disputed claim. *Payne v. Board of Wagonroad Commissioners,* 4 Idaho, 384 (39 Pac. 548 ; *State v. Merrell,* 43 Neb. 575 (61 N. W. 754) ; *State v. Commissioners,* 26 Ohio St. 364. It is made to appear from the allegations of the petition herein that the plaintiff's claim for services was to be audited and allowed before a voucher was issued therefor by the executive committee of the defendant; and, under the rule of the cases heretofor cited, and many others which might be cited, a writ of mandamus will not issue to compel an officer or tribunal to do an act involving discretionary or judicial determination. This branch of the case has not been argued by the appellant, and we need give it no further consideration. For the reasons thus briefly stated, there was no error in dismissing the plaintiff's petition, and we need not determine whether the plaintiff was entitled to a trial by a jury, if the court had jurisdiction of the case.— *Affirmed.*