## LOVE *et al.* v. FILTSCH *et al.*

No. 3388. Opinion Filed May 14, 1912.

(124 Pac. 30.)

1. **STATES—Action Against.** Suits against officers of a state as representing the state in action and liability, and in which the state, although not a party to the record, is the real party against which relief is sought, and in which a judgment for plaintiff, although nominally against defendant as an individual, could operate to control the action of the state or subject it to liability, are suits against the state.

2. **SAME.** A proceeding in mandamus brought for the purpose of requiring the auditing and allowance of a disputed claim for rent growing out of a private contract between the state and parties owning property occupied by state officials, is an action brought against the state, and cannot be maintained except with its consent.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

Application by Theresa Filtsch and others for writ of mandamus against J. E. Love and others. From an order granting the writ, defendants bring error. Reversed, and case dismissed.

*Charles West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for plaintiffs in error.

*S. A. Cordell,* for defendants in error.

DUNN, J. This case presents error from the superior court of Oklahoma county, and is a proceeding in mandamus brought by plaintiffs, who were owners of a certain building located in Guthrie which had, under contract with the state, been occupied by the Corporation Commission of the state for its offices. On the removal of the seat of government from Guthrie to Oklahoma City, the Corporation Commission, without giving notice of the termination of its tenancy, ceased to use the property, and on being presented with a bill for the amount of the rent claimed to

be due, which amount was disputed, the chairman of the Corporation Commission, Hon. J. E. Love, refused to approve the same, as did also the State Board of Public Affairs, and the State Auditor refused to issue a warrant therefor. A peremptory writ commanding the performance of these acts was issued by the trial court and the officers represented by the Attorney General have brought the case to this court for review.

While it is true that a state, on entering into a contract, lays aside its attributes of sovereignty and binds itself in substantially the same way as does one of its citizens when he enters into a contract, and contracts of a state are interpreted and controlled by the same laws as contracts of individuals, and also that a state has no lawful right to refuse payment of a just claim, yet, as was said by Justice Elliott of the Supreme Court of Indiana in the case of *Carr v. State,* 127 Ind. 204, 26 N. E. 778, 11 L. R. A. 370, 22 Am. St. Rep. 624:

"There is one essential and far-reaching difference between the contracts of citizens and those of sovereigns, not, indeed, as to the meaning and effect of the contract itself, but as to the capacity of the sovereign to defeat the enforcement of its contract. The one may defeat enforcement, but the other cannot. This result flows from the established principle that a state cannot be sued."

·Or, as was said by Justice Bradley of the Supreme Court of the United States in the case of *Hans v. State of Louisiana,* 134 U. S. 1, 10 Sup. Ct. 504, 33 L. Ed. 842:

"The obligations of a state rest for their performance upon its honor and good faith, and cannot be made the subjects of judicial cognizance unless the state consents to be sued, or comes itself into court."

While it is true that the state in the case at bar is not a party defendant as such, still, as was said by Justice Lamar in the case of *Pennoyer et al. v. McConnaughy,* 140 U. S. 1, 11 Sup. Ct. 699, 35 L. Ed. 363, it is "well settled that a suit against the officers of a state to compel them to do the acts which constitute a performance by it of its contracts is, in effect, a suit against the state itself." And to the same effect is the case of *State ex rel. Davis v. Mortensen et al.,* 69 Neb. 376, 95 N. W. 831, annotated

5 Ann. Cas. 291. In that case, written by Sullivan, C. J., dealing with the question of the suability of the state and of its liability on its contracts, in the syllabus it is said:

"A writ of mandamus will not issue against the members of a state board of public lands and buildings to compel specific performance of a contract made by them for the leasing of convict labor, as the proceeding is in substance an action against the state to enforce performance of a contract made by it. The state, like an individual or private corporation, may refuse to keep its engagements; and the board of public lands and buildings in Nebraska, as a governmental agency having full authority in all matters relating to the management of the penitentiary, is vested with power to determine whether a contract for the leasing of convict labor shall be kept or broken. The action of the members of the board in the matter is the action of the state; their determination is its determination."

Discussing the issue involved, which appears to have been the enforceability of a contract between the warden of the penitentiary and a manufacturer providing for the employment of convicts, and which it was sought to enforce by mandamus, the court said:

"The contract purports to be the contract of the warden, but, assuming it to be valid, it is in truth the contract of the state; and the present action is in substance a suit against the state for specific performance. *Hagood v. Southern,* 117 U. S. 52, 6 Sup. Ct. 608 [29 L. Ed. 805]; *Ex parte Ayers,* 123 U. S. 443, 8 Sup. Ct. 164 [31 L. Ed. 216]; *People v. Dulaney,* 96 Ill. 503; *Miller v. State Board of Agriculture,* 46 W. Va. 192, 32 S. E. 1007 [76 Am. St. Rep. 811]; *Mills Pub. Co. v. Larrabee,* 78 Iowa, 97, 42 N. W. 593; *Board of Public Works v. Gannt,* 76 Va. 455; 13 Encyc. of Pl. and Pr. 654. An action to enjoin state officers from doing acts which would constitute a breach of a contract with the state, and thus indirectly to compel specific performance, was held, in *Ex parte Ayers, supra,* to be a suit against the state. And in *Hagood v. Southern, supra,* it was decided that an action against state officers is an action against the state, where the things required by the decree to be done are the very things which when done will constitute a performance of the state's contract. It was held in *People v. Dulaney, supra,* that the courts have no authority to compel by mandamus the performance of a business contract like the one here in question; and such seems to be the general rule. *Parrott v. Bridgeport,* 44 Conn. 180 [26 Am. Rep.

439] ; *State v. Zanesville, etc., Turnpike Road Co.,* 16 Ohio St. 308; *State v. Howard County Ct.,* 39 Mo. 375. But if the rule were otherwise, and if the contract were valid, the action could not be maintained. It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent. *Davis v. Gray,* 16 Wall. 203 [21 L. Ed. 447] ; *U. S. v. Lee,* 106 U. S. 196, 1 Sup. Ct. 240 [27 L. Ed. 171] ; *Poindexter v. Greenhow,* 109 U .S. 63, 3 Sup. Ct. 8 [27 L. Ed. 860] ; *Cunningham v. Macon, etc., R. Co.,* 109 U. S. 446, 3 Sup. Ct. 292 [27 L. Ed. 992] ; *Com. v. Weller,* 82 Va. 721, 1 S. E. 102. A state may, of course, lay its sovereignty aside and consent to be sued on such terms and conditions as it may prescribe."

Another case, in which the facts are more nearly allied to those in the case at bar, is that of *Wilson v. Louisiana Purchase Exposition Commission et al.,* 133 Iowa, 586, 110 N. W. 1045, 119 Am. St. Rep. 646. The action was brought by the plaintiff for a writ of mandamus to compel the Louisiana Purchase Exposition Commission of the state of Iowa to pay him the sum of $200, which he claimed to be due him under a contract made with the said commission. It appeared that, by an act of the General Assembly, the commission was formed and an appropriation made to cover its expenditures. Among the duties delegated to it was the auditing and passing upon claims which were presented for allowance. Plaintiff alleged that it had been employed, had performed certain services at an agreed price, but that his claim for the same had been disallowed. Among the defenses was that the action was a suit against the state, and hence could not be maintained. The court discussing these facts, speaking through Justice Sherwin, said :

"The Louisiana Purchase Exposition Commission was a creature of the state, created for the specific purpose of representing the state and its interests at the exposition bearing its name. All .expenses incurred by it in the execution of its delegated powers were payable from the funds of the state set apart by legislative authority for that express purpose. The commission was clearly but an agent of the state through whom the public funds were to be disbursed, and this disbursement was authorized by law only upon the exercise of the discretion and judgment of the commission. While the state is not named as a party in the action, it is quite clear to us that it is in fact the actual party in interest. If the writ prayed for were to be issued, it would com-

pel the defendant to make a draft upon state funds; in other words, the effect thereof would be to compel the state itself to pay the plaintiff's claim, which is an unliquidated demand for which no specific provision has been made from state funds. It is fundamental that a state cannot be sued in its own courts without its consent, and it is a further rule that a litigant will not be permitted to evade the general rule by bringing action against the servants or agents of the state to enforce satisfaction for claims."

To the same effect, see *Board of Public Works et al. v. Gannt et al.,* 76 Va. 455; *Garner v. Worth,* 122 N. C. 250, 29 S. E. 364; *Swann v. Buck,* 40 Miss. 268; *People ex rel. McCauley et al. v. Brooks,* 16 Cal. 11; *Weston v. Dane,* 51 Me. 461; *Aplin v. Board of Supervisors,* 73 Mich. 182, 41 N. W. 223, 16 Am. St. Rep. 576; *Cunningham v. Macon & B. R. Co.,* 109 U. S. 446, 3 Sup. Ct. 292, 609, 27 L. Ed. 992; *In re Ayers,* 123 U. S. 443, 489, 8 Sup. Ct. 164, 31 L. Ed. 216. See, also, 36 Cyc. 915.

The matter in suit is a private contract. There is no law making a specific, definite appropriation to cover it, and the amount claimed to be due is disputed, and this action is just as much a suit against the state for the recovery of the rent due under the contract, as if the state were a private party against whom a judgment was sought, on which execution might issue to be levied on property to cover the amount thereof; for the result of the judgment sought by plaintiffs would be a mandate requiring the defendants to approve plaintiffs' demand and issue a warrant for its payment, which in turn would be presented to the Treasurer of the State on which the money to cover the amount thereof would be paid.

As the state has not given its consent to being thus sued, but, on the contrary, vigorously objects, it therefore follows that the judgment of the trial court must be reversed, and the case dismissed, which is accordingly done.

TURNER, C. J., and HAYES, WILLIAMS, and KANE, JJ., concur.