J. D. HOLLINGSHEAD COMPANY, Appellant, v. BOARD OF CONTROL OF STATE INSTITUTIONS et al., Appellees.

**STATES:** Actions—State Board and Officers. An action in the courts of this state, against the board of control of state institutions and the individual members thereof, for damages for breach of a contract entered into in connection with the industries established at the state penitentiary, is, in effect, an action against the state of Iowa, and nonmaintainable.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 13, 1923.

ACTION for damages for breach of contract, brought by the plaintiff against the board of control of the state of Iowa, and against the members of such board. The board appeared by the attorney-general of the state and demurred to the petition, on the ground that the suit was, in essence, a suit against the state

of Iowa. This demurrer was sustained. The plaintiff, standing upon its petition, suffered judgment, from which it has appealed.—*Affirmed.*

*George B. Webster* and *Clark & Byers,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Herbert A. Huff,* Assistant Attorney-general, for appellees.

EVANS, J.—The doctrine is universally recognized that a sovereign state may not be coerced by the exercise of judicial power. Much less may it be coerced by process from its own courts. This rule is conceded by the appellant, and we need devote no time to its discussion. The material facts appearing in the petition are that the state of Iowa, through its board of control, is engaged in certain manufactures which are calculated to utilize the labor of convicts in its penitentiaries. The plaintiff, by correspondence with the board of control, contracted to deliver ten carloads of staves, to be used in the manufacture of butter tubs, at an agreed price of $53 per thousand. The major part of such subject-matter was delivered and paid for. Before full delivery, the defendants, through the superintendent of the factory, stopped further delivery. The unfilled part of the contract amounted to 175,000 staves. At the time of the refusal, these were worth on the market only $20 per thousand. The plaintiff sues for damages for breach of the contract, and claims $33 per thousand as the measure of such damages.

The demurrer necessarily admits the allegations of the petition. It raised no question as to the ultimate merit of the plaintiff's claim. It simply challenged the right of the plaintiff to sue the state in its own court. The demurrer was properly sustained. The defendant board acted purely as an agency of the state. It acted strictly within the limitations of its statutory power. Its members incurred no personal liability for the performance of the contract. They could not, therefore, be rendered liable for the consequences of its breach. The contract was entered into professedly on behalf of the state, and the promise to pay thereunder was the promise of the state. Assuming, therefore, that the plaintiff has a just claim upon the conscience of the sovereign state, it still remains that it can

realize such claim only through such conscience of the sovereign and by its voluntary action. If it cannot realize thereon by appropriate negotiations with the board of control, its only remedy for the alleged wrong is legislative, and not judicial. The legislative department has the revenue power and the control of the funds of the state, and in that sense is the keeper of the conscience of the sovereign. Through it the state may recognize the justice of the plaintiff's claim, either in whole or in part, and not only may make, but presumably *will* make just restitution.

The broad principle here announced is well settled by previous decisions of this court: *Mills Pub. Co. v. Larrabee,* 78 Iowa 97; *Hern v. Iowa State Agric. Soc.,* 91 Iowa 97; *Wilson v. Louisiana Purchase Exposition Com.,* 133 Iowa 586; *State v. Cameron,* 177 Iowa 262. The following brief excerpts from these cases will be deemed a sufficient discussion of the question involved herein. In *Mills Pub. Co. v. Larrabee,* 78 Iowa 97, at 100, we said:

"The contract is designed for the benefit of the state and its people. In entering into it, the executive council act only in a representative capacity in discharging duties pertaining to the executive department of the government. The relief asked by plaintiff is that the executive council be compelled to enter into an agreement for and on behalf of the state of Iowa, giving to the plaintiff a monopoly of the business of making and selling to the people of the state, as well as to others, the reports which should fall within the provisions of the agreement. That which plaintiff seeks would be, for all practical purposes, a contract with the state. Although not nominally a party to the suit, the state is the real defendant. It is well settled that such an action cannot be maintained without the consent of the state. *Chance v. Temple,* 1 Iowa 201; *Ex parte Ayers,* 123 U. S. 443 (8 Sup. Ct. Rep. 164); *Hagood v. Southern,* 117 U. S. 52 (6 Sup. Ct. Rep. 608), and cases therein cited; *People v. Canal Board,* 13 Barb. 438; * * * *State v. Burke,* 33 La. Ann. 504; *Marshall v. Clark,* 22 Tex. 31."

In *Wilson v. Louisiana Purchase Exposition Com.,* we said:

"If the writ prayed for were to be issued, it would compel the defendant to make a draft upon state funds: in other words,

the effect thereof would be to compel the state itself to pay the plaintiff's claim, which is an unliquidated demand for which no specific provision has been made from state funds. It is fundamental that a state cannot be sued in its own courts without its consent, and it is a further rule that a litigant will not be permitted to evade the general rule by bringing action against the servants or agents of the state, to enforce satisfaction for claims. *Cunningham v. Macon, etc., R. R. Co.,* 109 U. S. 446 (3 Sup. Ct. 292, 27 L. Ed. 992); *In re Ayers,* 123 U. S. 443 (8 Sup. Ct. 164, 31 L. Ed. 216); *Aplin v. Board of Supervisors of Grand Traverse County,* 73 Mich. 182 (41 N. W. 223, 16 Am. St. 576); *People v. Dulancy,* 96 Ill. 503; *Commonwealth v. Wickersham,* 90 Pa. 311; *Weston v. Dane,* 51 Me. 461."

To the foregoing, we add the following quotations from *Murray v. Wilson Distilling Co.,* 213 U. S. 151, 168:

"We could not, therefore, sustain the exercise of jurisdiction by the circuit court without, in effect, deciding that the state can be compelled by compulsory judicial process to perform a contract obligation. It is certain that, at least by indirection, the bills of complaint sought to compel the state to specifically perform alleged contracts with the vendors of liquor by paying for liquor alleged to have been supplied. But it is settled that a bill in equity to compel the specific performance of a contract between individuals and a state cannot, against the objection of the state, be maintained in a court of the United States. Thus, in *Hagood v. Southern,* 117 U. S. 52, where, in suits brought in a court of the United States against officers and agents of the state of South Carolina, the holders of certain revenue scrip of the state endeavored to enforce the redemption thereof according to the terms of the statute in pursuance of which the scrip was issued, which statute was alleged to constitute an irrepealable contract, the court said (p. 67): 'Though not nominally a party to the record, it [the state] is the real and only party in interest, the nominal defendants being the officers and agents of the state, having no personal interest in the subject-matter of the suit, and defending only as representing the state. And the things required by the decrees to be done and performed by them are the very things which, when done and

performed, constitute a performance of the alleged contract by the state.' "

The judgment of the district court is, accordingly, affirmed. —*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.