### CARPENTER et al. v. SCOTT et al.

No. 15202—Opinion Filed March 3, 1925.

Rehearing Denied April 7, 1925.

**1. Conversion—Parties Defendant.**

All persons who engage in the conversion of personal property are jointly and severally liable to the owner for the value thereof.

**2. Same—Recovery Sustained.**

Record examined; held, to support judgment for the plaintiffs.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by W. J. Scott against Ardmore Standard Oil Company, Arch Carpenter, Claud Holden. Paul Frame, and D. C. Mayfield, for conversion of oil well casing. Judgment for plaintiff. Arch Carpenter and Claud Holden bring error. Affirmed.

Sigler & Jackson, for plaintiffs in error.

Riddle & Dudley, for defendants in error Paul Frame and D. C. Mayfield.

Eddleman & Eddleman, for defendants in error.

Opinion by STEPHENSON, C. The Ardmore Standard Oil Company, while engaged in drilling operations in Carter county, borrowed 135 feet of ten inch oil well casing from the plaintiff and agreed to return the same. Arch Carpenter and Claud Holden were stockholders and members of the oil company. The oil company, through Carpenter and Holden and other members of the concern, reached the agreement to sell the drilling rig and property of the oil company to D. C. Mayfield and Paul Frame. Carpenter and Holden knew that the casing was the property of the plaintiff, prior to the commencement of negotiations for the sale of the company's property. These parties did not advise Frame and Mayfield of

the title to the casing at the time the sale was first considered. The question of the casing being the property of the plaintiff came up for discussion among the stockholders and officers of the oil company during the negotiations for the sale. Some of the stockholders insisted that the casing should not be included in the bill of sale. The purchasers declined to acquire the property unless the casing was included in the sale. Carpenter and Holden insisted that the casing should be sold to the purchasers along with the property of the company in order to satisfy the purchasers. It is clear from the testimony that the purchasers, and Carpenter and Holden, knew that the casing was the property of the plaintiff at the time of the sale of the property. There is some testimony to the effect that Carpenter and Holden agreed to satisfy the plaintiff for the casing sold to the purchaser of the oil company's property. The plaintiff commenced his action for the conversion of the casing, against the oil company, Carpenter, and Holden, and the purchasers of the property. The trial of the cause resulted in judgment in favor of the plaintiff and against the defendants. Carpenter and Holden have appealed the cause to this court for review.

The main contention of the plaintiffs in error is that the plaintiff's action was for conversion. Therefore, plaintiffs in error assign error for the introduction of evidence to the effect that Carpenter and Holden agreed to pay the plaintiff for the casing which was sold and transferred to the purchasers. Further error is assigned for receiving in evidence an unsigned letter written on the letterhead of Carpenter to the plaintiff in relation to the matter.

We assume that the testimony in relation to the agreement of Carpenter and Holden to protect the plaintiff for the casing was received in evidence to show that all parties had notice that the casing was the property of the plaintiff. It would follow from this testimony that all parties were guilty of conversion to the plaintiff, although Carpenter and Holden may have agreed to save Frame and Mayfield harmless. The introduction of the letter in evidence, standing alone to support the verdict would be reversible error, as no further proof was offered that Carpenter wrote the letter, than the fact it appeared upon his letterhead. The evidence aside from the letter abundantly supports the verdict of the jury in favor of the plaintiff. All parties who engage in the conversion of personal property with knowledge of the wrongful acts are jointly and severally liable to the plaintiff for the damages suffered. Brown v. Louisburg, 126 N. C. 701, 36 S. E. 166, 78 A. S. R. 677; Will Guille v. Swan (N. Y.) 10 Am. Dec. 234; Smithwick v. Ward, 52 N. C. 64, 75 Am. Dec. 453; Daingerfield v. Thompson (Va.) 36 Am. Rep. 783; Ratcliff v. Walker (Va.) 85 S. E. 575, Ann. Cas. 1917E, page 1022.

The issues were fairly submitted to the jury and the evidence supports the verdict.

It is recommended that the cause be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 2056; (2) 4 C. J. p. 1129.