FIRST NATIONAL BANK OF STRATFORD, OKLA., v. BRADLEY et al.

*98 P. 2d 897.*

No. 28790. Jan. 30, 1940.

C. W. Bowie, of Pauls Valley, for plaintiff in error.

Haskell Paul, of Pauls Valley, for defendants in error.

PER CURIAM. This action was commenced by the plaintiff in error, hereafter referred to as plaintiff, against the defendants in error, hereafter referred to as defendants, to recover damages alleged to have been sustained as the result of the acts of defendants in connection with the conversion of certain personal property upon which the plaintiff alleged that it held a mortgage lien. Plea in abatement, upon the theory that the action, although nominally against the defendants as individuals, was in reality one against the state of Oklahoma, was sustained by the trial court and the action was dismissed. The plaintiff has appealed from this order. The matter is here upon transcript.

The petition, while inartful and deficient in many respects, sufficiently charged the defendants with aiding, abetting, participating, and assisting in the conversion of certain personal property upon which the plaintiff had a lien and damage resulting to the plaintiff by

reason of acts of said defendants. The allegations so made were sufficient to state a cause of action against the defendants. Carpenter v. Scott, 109 Okla. 207, 235 P. 162; George W. Brown & Sons State Bank v. Polen, 132 Okla. 121, 270 P. 9; Ping v. Kershaw, 89 Okla. 43, 213 P. 840; United States Zinc Co. v. Colburn, 124 Okla. 249, 255 P. 688; section 198, O. S. 1931, 12 Okla. St. Anno. § 264; Smith v. Gardner, 37 Okla. 183, 131 P. 538.

In their plea in abatement the defendants alleged that they had acted in their representative capacities as agents, servants, and employees of the state of Oklahoma in the transaction and that they had no personal interest in the matter and had not personally benefited thereby. As pointed out in the decisions cited supra, this did not excuse them from liability and nowhere in the plea thus offered does it appear that the action was one in which a judgment for the plaintiff against the defendants could or would operate to control the action of the state or to subject it to liability. Such situation must appear before the action can be deemed one against the state. Love v. Filtsch, 33 Okla. 131, 124 P. 30, 44 L. R. A. (N. S.) 212; Lovett v. Lankford, 47 Okla. 12, 145 P. 767; Lankford v. Schroeder, 47 Okla. 279, 147 P. 1049, L. R. A. 1915F, 623.

The defendants in their brief attempt to discuss the merits of the action and the ultimate right of the plaintiff to a recovery. These matters are not properly before us, and therefore we cannot entertain the same nor enter into any discussion thereof. The plea in abatement should have been overruled and the defendants required to plead to the petition of the plaintiff. On account of this error the cause is reversed and remanded, with directions to overrule the plea in abatement and to permit and allow such further proceedings in said action as may be proper, consistent with the views herein expressed. Reversed with directions.

RILEY, CORN, GIBSON, HURST, and DANNER, JJ., concur.