AT

## DES MOINES, OCTOBER TERM, A. D. 1887,

IN THE FORTY-FIRST YEAR OF THE STATE.

---

PRESENT:

Hon. AUSTIN ADAMS, Chief Justice.
" WILLIAM H. SEEVERS, ⎫
" JOSEPH R. REED, ⎪
" JAMES H. ROTHROCK, ⎬ Judges.
" JOSEPH M. BECK. ⎭

---

BATHE v. THE DECATUR COUNTY AGRICULTURAL SOCIETY.

1. **Agricultural Society:** EMPLOYMENT OF HACKMEN BY OFFICERS: ULTRA VIRES: LIABILITY FOR NEGLIGENCE. The defendant is a corporation organized to further the interests of agriculture, to improve and encourage the breeding of fine stock, to hold expositions of agricultural products and stock, to hold and give annual fairs, and to do and perform everything necessary and incident thereto. *Held* that there was nothing in the articles of incorporation, either by express provision, or arising therefrom by implication, which authorized the officers of the society to employ hackmen to convey persons to and from the fair grounds; and that for the negligence of the persons so employed the society was not liable.

*Appeal from Decatur District Court*—HON. JOHN W. HARVEY, Judge.

WEDNESDAY, OCTOBER 19.

ACTION to recover for an injury alleged to have been done to the plaintiff's mare by one Clark and one Wilson, as employes of the defendant. There was a demurrer to the petition, and the demurrer was sustained. The plaintiff electing to stand upon his petition, judgment was rendered against him for costs. He appeals.

*E. W. Curry*, for appellant.

*S. A. Gates & Bro.* and *Bullock & Hoffman*, for appellee.

ADAMS, CH. J.—The petition shows that the defendant is a corporation, organized to further the interest of agriculture, to improve and encourage the breeding of fine stock, to hold expositions of agricultural products and stock, to hold and give annual fairs, and to do and perform everything necessary and incident thereto; that in the fall of 1885 the defendant held its annual fair at its fair grounds in Decatur county, near the town of Leon; that, for the purpose of increasing the attendance and the gate receipts, the officers of the defendant employed one Clark and one Wilson to convey people in their own conveyances from the town of Leon to the fair grounds; that Clark and Wilson, while so engaged, ran their team negligently against the plaintiff's mare, and caused her death. The defendant demurred to the petition, upon the ground, among others, that it does not appear that the defendant had authority to employ Clark and Wilson, as alleged, and thereby assume responsibility for their conduct as employes.

The powers of a corporation are such as are expressly provided in the articles of incorporation, and such others as are reasonably incident to the exercise of such powers. The plaintiff contends that the employment of Clark and

Wilson to convey people to the fair grounds was incident to the holding of a successful fair; as there would be no fair without attendance. This might be conceded, if attendance depended upon conveyances provided by the defendant, and it was so understood by the members of the society at the time they joined it. But there is nothing in the petition which shows this to be so. In the absence of any showing to the contrary, we may assume that the members of the society joined it with the understanding that all persons desiring to attend the fair would be able to procure conveyances in their own way, and without any provision therefor by the society. Furnishing conveyances is a distinct business, in which any one might engage, and the presumption would be that the supply would be equal to the demand. In our opinion, then, there is nothing in the articles of incorporation, either by express provision, or arising therefrom by implication, that authorized the officers of the society to employ Clark and Wilson. If this is so, the defendant never became responsible for their conduct, and the demurrer to the petition was rightly sustained.

AFFIRMED.