ANNA A. HERN, Appellant, v. THE IOWA STATE AGRICULTURAL SOCIETY *et al.*

KITTY JORDAN V. THE IOWA STATE AGRICULTURAL SOCIETY *et al.*

LILLIE A. HERN V. THE IOWA STATE AGRICULTURAL SOCIETY *et al.*

Corporations Not Organized for Pecuniary  Profit : LIABILITY FOR TORT OF AGENT.  The Iowa State Agricultural Society is not liable for a wrongful arrest made by its agents, especially where the act was outside of the scope of the agent's employment.

*Appeals  from  Polk  District  Court.*—HON. S. F. BALLIETT,  Judge.

THURSDAY, MAY 17, 1894.

ACTIONS for damages against the Iowa  State Agricultural Society.    Plaintiffs appeal.—*Affirmed.*

*Nugent & Connelly* for appellants.

*Henry S. Wilcox* for appellee, Iowa State Agricultural Society.

KINNE, J.—I.    These three cases involve the same question, and are submitted together for one opinion. The petition in each case charges, in substance, that the defendant society is a corporation organized and transacting business under the laws of this state; that on September 2, 1891, and during the annual exhibition of the society, the other defendants, as its officers and agents, and by its authority, did arrest, restrain, and commit an assault upon the plaintiffs, to their damage in the sum of five thousand dollars.    To these petitions demurrers were filed on the ground that the alleged wrongful acts committed against plaintiffs were not shown to be within the scope of the employment of the persons committing such acts, but were in fact committed outside the scope of their duties.    The lower court sustained the demurrers, and plaintiffs elected to stand on their petitions, and excepted in each case to the ruling of the court.

II.    The only question for us to determine is as to the liability of the society for the acts complained of; and at the outset it is important to have in mind that the society is in no sense a corporation for pecuniary profit.    It is an agency of the state.    It exists for the sole purpose of promoting the public interest in the business of agriculture.    Its public character more fully appears when we consider that its organization is provided for by statute; that it has no stockholders; that by law the president of each county agricultural society in the state, or other delegate therefrom, duly authorized, is made a member of the board of directors; that said board is required to make annual reports to the governor, which are to be distributed throughout the state; that the powers of the board are prescribed by statute.—Code, sections 1103–1108, 1114–1116, in-

clusive. The society is empowered by law to arrest persons for selling intoxicating liquors, and for gambling and horse racing, within its grounds. *Id.*, secs. 1114, 1116. No other authority to arrest or detain persons is given to the society, and the arrests and detentions in the cases at bar were not for any of the causes above specified. It seems to us, then, that in doing the acts complained of the defendants were not acting within the scope of the powers which the society could confer upon them. Such acts were entirely foreign to the purposes for which the society was organized. It was not authorized to enforce the criminal statutes of the state, generally. The directors of the society had no power to do the acts complained of in its behalf, and hence could not so authorize others to perform them as to bind the society. In any case, as the directors of the corporation are only its agents for the promotion of its business within the legitimate scope of the purpose for which it is created, any attempt on their part to confer authority on their agents or servants to do an act without the scope of the corporate business would not be binding upon the corporation. *Brokaw v. Transportation Co.*, 32 N. J. Law, 328; *Gillett v. Railroad Co.*, 55 Mo. 315. Again, it is a general rule that in determining the liability of the principal for an act committed by the agent we must take into consideration the character of the corporation, its organization, the scope of the authority of the agent who committed the tort, and the character of the business in which he was employed. Morawitz, Corp., section 730; *Miller v. Railway Co.*, 8 Neb. 218. The case of *Bathe v. Society*, 73 Iowa, 11, 34 N. W. Rep. 484, is in principle applicable to the case at bar. In that case it was held that the society was not liable for injuries sustained by the plaintiff on account of the negligence of a person employed to convey people to the fair grounds, as it did not appear that the officers of the society were authorized to employ

hackmen to convey persons to the grounds of the society.

III. Not being a corporation for pecuniary profit, the defendant society's liability is not controlled by the rules of law applicable to such. The society is an arm or agency of the state, organized for the promotion of the public good, and for the advancement of the agricultural interests of the state. It would be manifestly wrong to permit its funds to be used to pay damages arising out of the commission of wrongful acts by its officers and servants, and which are in no wise connected with the object and purpose of the society's creation. In *Caldwell v. City of Boone*, 51 Iowa, 687, 2 N. W. Rep. 614, the action was for damages against the marshal of the city for an assault and battery, and for false imprisonment and malicious prosecution. It was charged that the marshal, under the pretense of enforcing an ordinance, committed the acts complained of. This court held that the city could not be made liable for the illegal acts of its officers. So, here, defendant society, not being a corporation for pecuniary profit, and being one of the agencies of the state, can no more be made liable for the willful and illegal acts of its agents than a city or school district, and especially so when, as in this case, the acts complained of were not within the scope of the purposes for which the society was created. The demurrers were properly sustained. AFFIRMED.