Isaac Perry, Appellant, v. The Board of Supervisors of Clarke County, Iowa, Appellee.

Highways: ESTABLISHMENT: MATTERS OF DISCRETION: MANDAMUS.
1 A board of supervisiors is clothed with a discretionary power in the matter of locating and establishing highways and the exercise of its discretion cannot be controlled by mandamus.
Same. A land owner with no public highway thereto may acquire one by condemnation.
2

*Appeal from Clarke District Court.*—Hon. H. K. Evans, Judge.

Wednesday, February 13, 1907.

Action of mandamus to compel the defendant board of supervisors to establish a public road.   Demurrer to petition sustained, and plaintiff appeals.— *Affirmed.*

*Temple & Temple,* for appellant.

*J. S. Banker,* for appellee.

WEAVER, C. J.— The petition states in substance that plaintiff is a resident of Clarke county, Iowa, owning and living upon an eighty-acre tract of improved land which does not border or touch upon any public road, nor is it accessible from any such road except by sufferance of the owners of adjoining lands. He further shows that the owners of such adjoining lands decline to sell him a private way over the same but have united with plaintiff in petitioning the board of supervisors for the establishment of a public road to his said land, and have signed and presented with said petition their written consent to such establishment, relinquishing all claims for damages on account thereof, and that, notwithstanding such petition and consent, and notwithstanding such proposed road is practicable and can be made available without great expense to the county, said board of supervisors refuse to order its establishment. The one question presented is whether the pleading states facts constituting a cause of action for relief by mandamus.

The purpose sought by a proceeding of this kind is to obtain an order or judgment commanding an inferior tribunal or board or person to do or not to do an act the performance or commission of which the law enjoins as a duty resulting from an office, trust, or station. Where discretion with reference to the desired act is vested in the inferior tribunal or person, mandamus may be awarded to compel action but not to control the discretion. Code, section 4341. It is clear from this definition that, unless the law makes it obligatory upon a board of supervisors to establish a road whenever the same is petitioned for under circumstances like those in the present case, then the judgment here appealed from is correct, and the appeal cannot be sustained. To

1. HIGHWAYS: establishment: matters of discretion: mandamus.

hold that such duty is enjoined upon the board we must be able to point out the statute requiring it by express terms or by necessary implication. Boards of supervisors are creatures of the legislative will, and have no power, authority, or discretion save as the Legislature confers it upon them. In the matter of establishing public highways generally the board is vested with a broad discretion, and expressly authorized, upon the final hearing of a petition, to sustain or deny the prayer thereof " as, in their judgment, founded on the testimony, the public good may require." Code, section 1501. Surely here is a discretion which cannot be controlled by mandamus. Consent roads are also provided for, but it is a necessary condition or pre-requisite to an order establishing one that the board shall be " satisfied that the proposed road is of sufficient importance to be opened and worked by the public." Code, section 1512.

Here, too, is a discretion in the fair exercise of which the establishment of the road may be denied without exposing the board to mandamus at the suit of the appellant, for it is left to the board to say when the showing in support of the application is sufficient. Many circumstances can be imagined in justification of a refusal to establish a consent road, and, as long as there is power or jurisdiction given to refuse, the court cannot, in mandamus, consider or review the reasons for such action. We therefore conclude that there is nothing in the general statute on the establishment of public highways (Code, title 8, chapter 1) to sustain the position of the plaintiff or to justify the issuance of the writ demanded.

This conclusion does not leave the appellant remediless or condemn him to permanent deprivation of public approach to his lands. Apparently to meet just such cases it is provided by Code, sections 2028 and 2029, that

2. SAME.

any person owning or leasing lands having no public or private way thereto may procure the condemnation of a public outlet. True, this method casts upon the appli-

cant the burden of paying the assessed damages and keeping up the way, but in this there is no essential wrong, for it may be presumed that he purchased the land knowing its inconvenient location and difficulty of access, and that he obtained it at a proportionately less price than it would have cost him under more favorable circumstances. That it is the policy of the State to provide means by which each landowner may have unrestricted access to the public highway may be readily conceded, as argued by counsel, but, in our judgment, these means are to be found in the statute from which we have quoted. If other or easier or less expensive methods are desirable, it is for the Legislature and not for the courts to provide them. Counsel cite us to no authorities holding contrary to the views here expressed, and we have been able to find none.

The judgment appealed from is *affirmed.*