M. F. CROSS, Appellant, v. GEORGE DONOHOE, Appellee.

**STATES:** Actions—Action Against State or Its Agent. An employee of a state hospital for the insane may not maintain an action for salary against the executive officer thereof, as such action is, in effect, an action against the state.

**HOSPITALS:** Liability of Officers—Refusal to Grant Vacation. An employee of a state hospital for the insane may not maintain an action against the executive officer of the institution on the naked allegation that said officer deprived him of the annual vacation which is provided by law, especially when it appears that the employee has received his full annual salary and does not show wherein he was damaged.

**HOSPITALS:** Liability of Officers—Use of Automobile. An employee of a state hospital for the insane may not recover of the executive officer of the institution the value of the use of the employee's automobile on behalf of the state, on the simple allegation that the said officer refused him the use of an automobile which belonged to the state, and that thereupon the employee used his own vehicle.

Headnote 1:· 36 Cyc. p. 916.  Headnote 2:   30 C. J. p. 469.  Headnote
3:  30 C. J. p. 469.

Headnote 1:   25 R. C. L. 413.

*Appeal from Cherokee District Court.*—LESTER L. THOMPSON,
Judge.

OCTOBER 26, 1926.

The cause of action is stated in the opinion.  A demurrer
was sustained to the petition, and plaintiff appeals.—*Affirmed.*

*Claud M. Smith,* for appellant.

*W. K. Herrick* and *C. D. Meloy,* for appellee.

STEVENS, J.—I.  Appellee, George Donohoe, is the superin-
tendent of the state hospital for the insane at Cherokee, Iowa.
Appellant, according to the allegations of his petition, was for-
merly employed as the head of the farming de-
partment of the hospital.  The petition, to
which a demurrer was sustained, is in three
counts, each count purporting to contain the statement of a dis-
tinct cause of action.  In Count 1, appellant alleged that he was
employed by appellee as head of the farming department of the
state hospital at Cherokee; that, on February 28, 1925, his salary
for the month of February, amounting to $140, became due, and
that same has been duly allowed by the state of Iowa and or-
dered paid to appellant; that there is also due him .for salary
during the month of March, $108.38, which has also been al-
lowed and ordered paid by the state; that appellee has refused,
upon repeated demands, to pay appellant the amount due him;
and that he retains the same to his use and benefit.  In Count 2
it is alleged that appellee denied appellant the vacation allowed
to him by statute for the five years preceding the commencement
of this action, for which denial he claims damages in the sum of
$235.90.  In Count 3 it is alleged that appellant owned and used
an automobile in the discharge of his duties as the employee and
servant of the state, and that appellee refused to permit him to
use an automobile of the state's therefor, although one was fur-

1. STATES: actions:
action against
state or its
agent.

nished for that purpose; that the value of the use of his automobile was $15 per month. He asked judgment on this count for $235.

As a part of this cause of action, appellant seeks the recovery of exemplary damages, upon the theory that the acts, conduct, and demeanor of appellee toward him were for the purpose of annoying and antagonizing him, and were wanton, willful, and malicious. The demurrer challenged the sufficiency of each count of the petition to state a cause of action.

The principal proposition advanced by appellee is that the causes of action, if any, stated in Counts 1 and 3, although nominally asserted against appellee, are, in effect, causes of action against the state. If so, they cannot be maintained. *Hollingshead Co. v. Board of Control*, 196 Iowa 841; *Wilson v. Louisiana Purchase Exposition Com.*, 133 Iowa 586; *Reagan v. Farmers' L. & Tr. Co.*, 154 U. S. 362 (38 L. Ed. 1014).

Likewise, an action will not lie against the agent of the state for acts done within the scope of the agency unless he intentionally, or by his own wrongful acts and conduct, creates a liability. *Freeman v. Otis*, 9 Mass. 272; *Brown v. Austin*, 1 Mass. 208; *Ives v. Hulet*, 12 Vt. 314; *Taylor v. Wilson*, 11 Metc. (Mass.) 44; *Simonds v. Heard*, 23 Pick. (Mass.) 120; *City of Providence v. Miller*, 11 R. I. 272; *Baird v. Shipman*, 132 Ill. 16 (22 Am. St. 504); *Chapman v. Williams*, 7 Harr. & J. (Md.) 157.

The case last cited is somewhat analogous to the case before us. Certain of the powers and duties of the superintendents of state hospitals are defined and prescribed by statute. He is the executive officer of the institution, and has the immediate custody and control of its property and affairs, subject to and under the orders of the board of control. Section 3292, Code of 1924. The board of control determines the number and compensation of subordinate officers and employees for each institution, but the superintendent employs and discharges subordinate officers and employees. Section 3293, Code of 1924. The salary and compensation to be paid officers and employees are fixed by the board of control. Section 3296, Code of 1924. All salaries and wages must be included in the monthly pay rolls, and paid in the same manner as other expenses of the hospital. Section 3298, Code of 1924. At the close of each month, it is the duty of the superintendent to prepare and forward to the board

of control a monthly pay roll, which shall show the name of each officer and employee, when first employed, the monthly pay, time paid for, the amount to pay, etc. Section 3342, Code of 1924. The pay roll must be audited by the board, and abstracts thereof prepared and certified to and filed with the state auditor, upon receipt of which it is the duty of that officer to draw one warrant in favor of the superintendent for the sum total of the pay roll, and forward to him. Section 3343, Code of 1924.

Compliance with the foregoing provisions of the statute, so far as required, is alleged in Count 1 of the petition. It thus appears that appellant was the employee of the state, which alone was obligated for the payment of his salary, and that appellee is an officer and agent of the state. The warrant forwarded by the state auditor to the superintendent for the sum total of all wages and salaries of employees of the state at the institution becomes the means by which certain funds of the state are transferred from the custody of the state treasurer to the custody of the executive officer of the hospital. They remained as much the funds of the state in his possession as they were before they were drawn out of the state treasury. Until actually disbursed, they were under the control of the state. It was and is, of course, the duty of the superintendent to disburse the funds to the persons named on the pay roll and designated by the order of the board to the state auditor. It must be conclusively presumed that the sovereign will see that this is done. The cause of action stated in Count 1 of the petition is professedly a claim for salary alleged to be due appellant for services rendered as an employee of the state. The action, therefore, although nominally against the superintendent, is, in effect, against the state, and cannot be maintained.

Just what breaches of his duty as a public agent, or what wrongful acts and conduct on the part of appellee, if any, might give rise to a cause of action against him by an officer or employee of the state who has suffered a special injury on account thereof, we have no occasion to decide. No such question is fairly before us, particularly with reference to the allegations of Count 1 of the petition.

II. Section 3299, Code of 1924, provides that each officer and employee of each state institution shall be granted an annual vacation, on full pay, for not to exceed fourteen days, de-

2. HOSPITALS: pending upon the length of service. Such vaca-
liability of offi- tion shall only be taken at such times as the
cers: refusal to
grant vacation. executive officer may direct, and upon written
authorization from him, which shall specify the number of days
to which the employee is entitled. Appellant alleged in Count 2
of his petition that appellee refused for five successive years to
grant him a vacation. Apparently, although the allegations of
the petition are not quite clear on this point, appellant claims
damages on the basis of the salary which he would have earned
while in the enjoyment of the period allowed each year for a
vacation. We infer from the allegations of the petition that
appellant's salary was paid him, and that he has no claim
against the state therefor, or for additional compensation. His
cause of action on this count is, therefore, not against the state.
Except as it negatively appears from the allegations of the peti-
tion, it is not alleged that appellant at any time requested a
vacation, or that some good reason might not account for his
failure to obtain the same, if this is in any way material. Upon
just what theory the separate amounts claimed as wages could
be treated as presenting a valid claim, or as constituting a meas-
ure of recovery on this count, is not designated by counsel.
Appellant earned his salary by working. This is as much as the
salary he could have earned while on vacation. Whether he had
some arrangement by which he could have earned additional
compensation is not disclosed by the petition. The demurrer was
properly sustained to this count.

III. Just what services appellant was unable to render as
farm superintendent without the aid of an automobile is not
revealed by the allegations of Count 3. If an automobile was
3. HOSPITALS: required only for appellant's comfort and con-
liability of offi- venience, or to add facility to the performance
cers: use of
automobile. of his duty, and none was furnished to him as
an employee of the state, such failure could not be made the
basis of a cause of action in appellant's favor for damages. He
was required only to perform such duties in his capacity as farm
superintendent as the instrumentalities furnished by his em-
ployer reasonably permitted. If he voluntarily used his own
automobile, in order that he might perform the duties assigned
him more expeditiously and efficiently, he may have earned
commendation from his employer, but it is difficult to conceive

of any legal principle upon which appellee, as the mere agent of the state, is liable for the value of such use. If appellee refused to permit appellant to use one of the state's automobiles, he had a perfect right to complain to a superior officer, or to proceed with the instrumentalities at hand and do the best he could. His superior, and not he, was answerable for the result. It is not alleged that appellee assumed or agreed in any way to pay him for the use of his automobile in rendering services to the state as an employee thereof. The mere fact that he knew that appellant was using his own automobile would not bind him. Appellant was not in appellee's employ. The conclusion indicated disposes of appellant's demand for exemplary damages.

The demurrer to each count was properly sustained, and the judgment below is affirmed.—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.