E. L. LONG, Appellant, v. STATE HIGHWAY COMMISSION et al., Appellees.

**STATES:** Actions Against—Enjoining State Highway Commission. An action against the state highway commission to enjoin it from relocating a primary road, unaccompanied by any allegation of wrongful acts, is, in effect, an action against the state, and nonmaintainable. (See Book of Anno., Vol. 1, Sec. 10990, Anno. 4.)

Headnote 1:  36 Cyc. p. 919.

Headnote 1:  44 L. R. A. (N. S.) 193; 25 R. C. L. 413.

*Appeal from Clarke District Court.—*H. H. CARTER, Judge.

APRIL 5, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action in equity for injunction to restrain the state highway commission from relocating a portion of a certain primary road. The trial court dismissed plaintiff's petition.—*Affirmed.*

*C. T. Gibson* and *John McLennen,* for appellant.

*Ben J. Gibson,* Attorney-general, *H. A. Huff,* Assistant Attorney-general, and *M. R. Stansell,* County Attorney, *L. E. Crist, E. K. Jones,* and *O. M. Slaymaker,* for appellees.

FAVILLE, J.—Primary road designated as No. 34 is an east and west highway, passing across Clarke County, Iowa. As originally laid out, said road passed through the town of Murray. It is proposed to change a portion of said road, and it is to en-

join the proposed change that this action is brought.   The accompanying map will make the situation clear:

As shown thereon, the primary road originally passed westward from the point A to the point B, and then north into the town of Murray, and in a westerly direction to the point C.   It is now proposed to abandon the portion of the road extending west from the town of Murray as a primary road, although the same will still be maintained as a secondary road.   It is also proposed to extend Primary Road No. 34 from the point B to the abandoned right of way of the Chicago, Burlington & Quincy Railroad, and then southwesterly to the point D.   There is no abandonment of the portion of Primary Road No. 34 extending from the point B northward to the town of Murray.   There is no claim that appellant owns any property located upon said primary road, but the contention is that his business in the said town of Murray will be injuriously affected by the change in the said primary road.

Chapter 238 of the Code of 1924 provides for the creation of the state highway commission, and defines their duties.   Code Section 4689 provides for the division of the highways of the state into two systems, to wit: the primary road system and the secondary road system.   Said section also expressly provides with regard to the primary road system "that the said designation of the roads shall, for more efficient service or more economical construction of the system, and with the consent of the Federal

authorities, be subject to revision by the state highway commission." It is under this authority that the state highway commission have acted in the instant case, in designating the proposed change of Primary Road No. 34. It appears that said change will afford a direct connection at the county line westward with the primary road extending across the adjacent county. There is no claim that the state highway commission are acting fraudulently, illegally, or in derogation of the authority vested in them by the statute. The state highway commission are agents of the state, acting for and in behalf of the state, within the powers conferred upon them by the statute. This action is an attempt by injunction to control the manner in which the said agents of the state shall exercise the authority vested in them. Although nominally asserted against the appellees, the action is, in effect, one against the state. Under such situation, it cannot be maintained by appellant. *Hollingshead Co. v. Board of Control,* 196 Iowa 841; *Cross v. Donohoe,* 202 Iowa 484. There is no allegation of fraud, illegality, misconduct, breach of duty, or other wrongful act on the part of appellees. Under such circumstances, the courts have no jurisdiction by injunction to restrain the action of the agent of the state in good faith in regard to a matter vested by the state within the discretion of such agent. As bearing somewhat upon the general proposition, see, also, *Perry v. Board of Supervisors,* 133 Iowa 281; *Leonard v. Wakeman,* 120 Iowa 140; *Brewster v. City of Davenport,* 51 Iowa 427; *Kirchner v. Board of Directors,* 141 Iowa 43; *McCarl v. Clarke County,* 167 Iowa 14; *Walker v. City of Des Moines,* 161 Iowa 215.

The decree of the trial court was correct, and it is—*Affirmed.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.