From William McElwee, Jr., New Castle, Pa.

## Downs et al. v. Lewis, Secretary of Highways, et al.

*James A. Walker* and *Webster S. Achey*, for plaintiffs.

*J. Hibbs Buckman, John A. Moss*, deputy attorney general, *William A. Schnader*, attorney general, and *Mark Thatcher*, for defendants.

KELLER, P. J., November 14, 1932.—The plaintiffs, in behalf of themselves and other taxpayers of the County of Bucks, filed a bill in equity in the Court of Common Pleas of Bucks County in which they pray for an injunction to restrain Samuel S. Lewis, as Secretary of Highways of the Commonwealth of Pennsylvania, John S. Roberts, Clarence E. Benner and Norman Refsnider, Commissioners of the County of Bucks, and the Union Paving Company, contractor, from carrying out any work in connection with or under a contract let by the secretary of highways on July 22, 1932, for the construction of a concrete highway in Bensalem Township, Bucks County, parallel to an existing state highway, No. 281, commonly known as the Lincoln Highway, from a point at the Philadelphia and Bucks County line to a point at or near Janney, in said

county. The averments contained in the bill in support of the prayer for an injunction are to the effect that the proposed construction is without authority of law; that it constitutes an abuse of discretion on the part of the said secretary of highways, and that the carrying out of this illegal contract and work, contemplated thereunder and in connection with the general plan, involves the expenditure of public moneys of the Commonwealth of Pennsylvania in the County of Bucks which will necessitate the imposing of heavy liabilities on the taxpayers of Bucks County for the paying of an account which is not authorized by law.

More specifically, the bill asked that a preliminary injunction issue until hearing and permanently thereafter restraining the said defendants above named from doing or performing any act in furtherance of the proposed construction under the contract let by the said secretary of highways on or about July 22, 1932; that the said contract be declared illegal and void and that no work be permitted to be carried out under the terms thereof.

On the day fixed for the argument, and immediately preceding it, Samuel S. Lewis, Secretary of Highways, one of the defendants above named, filed a petition raising preliminary objections to the bill of complaint under the Act of March 5, 1925, P. L. 23, in which he questioned the jurisdiction of this court, setting forth therein that under the provisions of the Act of May 26, 1931, P. L. 191, this court has no jurisdiction over the defendant, Samuel S. Lewis, Secretary of Highways of the Commonwealth of Pennsylvania, nor any power or authority to determine the issue raised in the bill of complaint between the plaintiffs and the said defendant; and that any order or decree that the Court of Common Pleas of Bucks County might make against these defendants would depend upon the determination of the issue raised between the plaintiffs and the defendant, Samuel S. Lewis, Secretary of Highways of the Commonwealth of Pennsylvania.

We refused the preliminary injunction and reserved the determination of the question of jurisdiction until an answer was filed to the rule granted on the aforesaid petition. Pending the disposition of the question of jurisdiction, the County Commissioners of Bucks County, parties defendant, also filed preliminary objections to the bill, in which they assigned the identical reasons which were raised by the secretary of highways and asked that the bill be dismissed for lack of jurisdiction and that they be relieved from the necessity of answering.

In their answer to these preliminary objections, the plaintiffs contend that the secretary of highways is engaged in doing an illegal act, and, hence, not an official act or in the line of the execution of his duties; also, that by reason of the joinder of two other principal defendants in the bill of complaint, both of whom are within the geographical jurisdiction of Bucks County, and, therefore, are subject to the jurisdiction of the court of common pleas, and, further, because the purpose of the bill is to restrain the performance of an illegal contract, the Act of 1931, supra, does not apply and that the Common Pleas Court of Bucks County has full jurisdiction. The plaintiffs further contend that the Act of 1931 is unconstitutional, in that it violates article one, section eleven, and article three, section seven, of the Constitution of Pennsylvania.

The real purpose of this bill is to restrain the secretary of highways from relocating and constructing a section of the state highway designated as Route No. 281 and commonly known as the "Lincoln Highway," and lying within the geographical limits of Bucks County. The state highway system, of which said route forms a part, was originally created by legislative enactment in 1911 and is under the exclusive control and supervision of the Department of Highways, the head and chief administrative officer of which is the secretary of highways.

The defendant, Samuel S. Lewis, as secretary of highways, is a state officer. He is charged with the construction and maintenance of a state highway system extending throughout the entire state and for the benefit of all its citizens and the traveling public, and not merely for any particular community or locality or the citizens thereof. The contracts entered into by him are clearly contracts of the Commonwealth of Pennsylvania and the work thereunder is work done in the state rather than in any particular municipality thereof, notwithstanding that each particular section of work or improvement must, of necessity, have a locus within one of the geographical subdivisions of the state. Moreover, he is given the right to use discretion in the exercise of his official functions and duties. He has no personal interest in the matter, and the injunction asked for in the bill, if granted, would not affect him in his personal capacity, but only as an officer of the Commonwealth itself. Accordingly, in our opinion, this constitutes an action against the Commonwealth of Pennsylvania.

It is not open to discussion that the Commonwealth of Pennsylvania cannot be made a defendant in a suit, either at law or in equity, without its consent. Whether a particular suit is one against a state is not to be determined solely by reference to the nominal party to the suit, and the fact that the state is not named as a party defendant does not conclusively establish that the suit is not within the rule prohibiting suits against the sovereign without its consent. On the other hand, a suit against state officials or agencies is not necessarily a suit against a state. The general rule applies that where a suit is brought against an officer or agency with relation to some matter in which the defendant represents the state in action and liability, and the state, although not a nominal party to the record, is the real party against which relief is sought, so that a judgment for plaintiff, although nominally against the named defendant, will operate to control the action of the state or subject it to liability, the suit is, in effect, one against the state and cannot be maintained without its consent: 59 C. J. 307, § 464. Accordingly, it has been held that suits to enjoin officers from doing official acts which are the acts of, or at least for the direct benefit of, the state, are actions against the state: In re Ayers, 123 U. S. 443; Fitts v. McGhee, 172 U. S. 516, 525; Long v. Highway Commission of Iowa et al., 204 Iowa 376, 213 N. W. 532; State v. Rich, 126 Md. 643, 95 Atl. 956; Curtis and Hill Gravel and Sand Co. v. State Highway Commission, 91 N. J. Eq. 421, 111 Atl. 16; Cope et al. v. Hastings et al., 183 Pa. 300, 323.

It is urged by the plaintiffs that, inasmuch as this suit seeks to restrain the defendants from doing an illegal act, it is not an action against the Commonwealth. This is begging the question. The presumption is that a state or other public officer performs his duty and that his acts are regular and in conformity with the requirements of the law: Houseman v. International Navigation Co., 214 Pa. 552; 59 C. J. 113, § 126. Conceding, however, that the law will not permit a public officer who commits an illegal act to shield himself under the plea that the state is being sued: Isett v. Meehan, 232 Pa. 504, 507; it does not necessarily follow that this gives jurisdiction to the local courts in all cases. A state may waive its immunity from suit by constitutional or statutory authority and consent to be sued either directly or through its officers, subject to such conditions and limitations as may be deemed desirable. Accordingly, suits cannot be maintained against a state unless they are founded on a cause of action or are the type of cases with reference to which suit has been authorized, and then only in the manner and in the place and courts designated: 59 C. J. 304, § 461. Com. ex rel. v. Wilkins et al., 271 Pa. 523. Article one, section eleven, of the Constitution of Pennsylvania provides, inter alia, that suits may be brought against the Commonwealth in such manner, in such courts and in

such cases as the legislature may by law direct. At the regular session of 1931, the Pennsylvania Legislature passed an act of assembly governing actions against state officers, by requiring all actions at law or in equity, by which it shall be sought to compel a state officer to perform or to restrain him from performing any official act in the execution of the laws of the Commonwealth, to be instituted in the Court of Common Pleas of Dauphin County, and, for such purpose, jurisdiction of all such actions is thereby conferred upon that court. The act further defines the term "state officer" to mean the head of any administrative department or the chief executive officer of any independent administrative board or commission of the Commonwealth: Act of May 26, 1931, P. L. 191. The provisions of this act would seem to be mandatory, and, therefore, give exclusive jurisdiction in all actions of the class therein mentioned to the Common Pleas Court of Dauphin County. It is within the power of the legislature to establish the jurisdiction of courts as to certain causes so long as it does not conflict with the Constitution. The Act of 1931, supra, is not without precedent. It is but another instance indicating the evident purpose of the legislature to be that all suits at law or in equity in which the Commonwealth is either a party plaintiff or defendant shall be prosecuted at the seat of government. Numerous acts have been passed by the legislature giving exclusive jurisdiction to the Dauphin County Court, all of which have received judicial sanction and approval. By the Act of March 30, 1811, P. L. 145, 5 Sm. Laws 228, prescribing the procedure for the recovery of claims against the Commonwealth, the Dauphin County Court was given exclusive jurisdiction to hear appeals from the settlement of the auditor general and the state treasurer: Souder v. Com., 29 Dist. R. 254. The Act of April 7, 1870, P. L. 57, gave jurisdiction to the Dauphin County Court throughout the Commonwealth to hear and determine all suits, claims and demands whatever, at law or in equity, in which the Commonwealth was a party plaintiff: Com. v. Penna., Slatington & N. E. R. R., 2 Dauph. Co. Reps. 283. The Common Pleas Court of Dauphin County, by Act of May 25, 1881, P. L. 32, as supplemented and amended by numerous acts, including the Act of May 13, 1925, P. L. 664, Sec. 1, also has exclusive jurisdiction in mandamus proceedings against state officers, boards and commissions: Com. ex rel. v. Wilkins et al., 271 Pa. 523. Other acts giving the Dauphin County Court exclusive jurisdiction include the Public Service Company Law, in which jurisdiction to determine the reasonableness of rates, etc., was taken away from the several courts of common pleas throughout the state, sitting in equity: Citizen's Elec. Ill. Co. v. Consumers Elec. Co. of Exeter, 17 Luz. L. R. 413; West Virginia Pulp and Paper Co. v. Public Service Commission, 61 Pa. Superior Ct. 555; the Workmen's Compensation Act, which removed original jurisdiction from the courts of common pleas in practically all cases of trespass arising out of injuries to employes sustained during the course of their employment: Workmen's Compensation Act of June 2, 1915, P. L. 736; and the Act of April 11, 1929, P. L. 516, which removed from the courts of common pleas generally, sitting in equity, the right to determine the validity of the increase of municipal indebtedness and placed the right of jurisdiction in the Common Pleas Court of Dauphin County.

It is further urged that the joinder of the County Commissioners of Bucks County and Union Paving Company, contractor, as parties defendant, in itself, gives the Common Pleas Court of Bucks County jurisdiction, notwithstanding the Act of 1931, supra. We cannot subscribe to this. As we have already said, this action primarily is to prevent the relocation of the Lincoln Highway in accordance with the plans adopted by the State Department of Highways. The only possible interest the county commissioners can have in the matter is the adjustment and payment of damages for land taken by the Com-

monwealth of Pennsylvania in the construction of the said highway: Act of May 31, 1911, P. L. 468, Sec. 16, as amended by the Acts of May 23, 1923, P. L. 341, Sec. 1, May 4, 1927, P. L. 692, Sec. 1, and June 26, 1931, P. L. 1388, Sec. 4. The secretary of highways is an indispensable party to these proceedings under a contract entered into by him in behalf of the Commonwealth with Union Paving Company, another of the defendants. It will be observed that this bill does not allege any illegal or improper acts whatsoever on the part of the county commissioners, but merely asks that they be restrained from doing what the law says they shall do because, as it alleges, the State, through the secretary of highways, has exceeded its authority. Had this action been brought against the county commissioners alone, they could very properly have insisted upon the joinder of the secretary of highways as a party defendant or have had the bill dismissed. In Hartley v. Langkamp and Elder, 243 Pa. 550, 555, Mr. Justice Mestrezat, in quoting from 16 Cyc. 189 [21 C. J. 273, § 276], says, as to indispensable parties in a proceeding in equity: "A party is indispensable when he has such an interest that a final decree cannot be made without affecting it or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience. That is to say, his presence as a party is indispensable where his rights are so connected with the claims of the litigants that no decree can be made between them without impairing such rights. . . . The rule as to indispensable parties is neither technical nor one of convenience; it goes absolutely to the jurisdiction, and without their presence the court can grant no relief." See, also, Fineman v. Cutler et ux., 273 Pa. 189. Under the Act of 1931, supra, the secretary of highways could not be brought in and made a party defendant because this court lacks jurisdiction over him. It follows, therefore, that, he being now a party defendant in an action pending in a court which is without jurisdiction as to him, and he being an indispensable party thereto, the bill must not only be dismissed as to him but also as to the other defendants.

The plaintiffs' remaining contention is that the act is unconstitutional because it violates article one, section eleven, and article three, section seven, of the Constitution of Pennsylvania. We fail to see any merit in either of these objections. We have already referred to section eleven of article one which authorizes the legislature to provide the manner and the courts in which suits may be brought against the Commonwealth. While the legislature may not abolish any of the courts provided for by the Constitution, nor divest them of all of their powers, it has the power, nevertheless, to divest them of some of their jurisdiction and vest it in other courts from time to time established: Com. ex rel. v. Smith, 4 Binney 117; Com. v. Green, 58 Pa. 226; Com. ex rel. v. Hipple, 69 Pa. 9; Brown v. Com., 73 Pa. 321; Morgan v. Reel, 213 Pa. 81. Neither do we regard this as special legislation. A law is a general one where every person who is brought within its relations and the circumstances provided for is affected by the law: Evans v. Phillipi, 117 Pa. 226, 238; Garrett v. Turner, 235 Pa. 383. In our opinion, the application of this Act of 1931, supra, constitutes a proper classification and does not violate any of the restraints contemplated by the Constitution.

We have considered this matter in all its aspects and we are convinced that this court is without jurisdiction. Accordingly, a decree will be entered, sec. reg., dismissing the bill.

And now, to wit, November 14, 1932, bill dismissed, at the costs of the plaintiffs.                    From Isaac J. Vanartsdalen, Doylestown, Pa.