R. G. DE VOTIE, Administrator, Appellant, v. IOWA STATE FAIR BOARD, Appellee.

No. 41651.

JUNE 20, 1933.

Gillespie & Moody, for appellant.

Carl J. Stephens, for appellee.

EVANS, J.—The decedent lost his life as the result of an accident on the fair grounds on the occasion of the Iowa state fair in August, 1930. Among the attractions provided for the fair in that year was a certain stunt advertised as the "Three Flying Sons-O'Guns." It was foolish enough to have furnished the basis for a claim of damages by any victim thereof as against any suable entity responsible therefor. Two airplanes collided in the air. One of them fell to the earth, and thereby injured several spectators, including the decedent of the plaintiff. Upon the record, there is no lack in the

elements of the cause of action, except that there can be no cause of action in a practical sense, without a suable defendant. The contention of the plaintiff is that the Iowa state fair board is such. The allegation of fact and of argument is that the purported defendant is a voluntary corporation; that it owns property; that it takes the gate receipts into its exclusive dominion, and that it uses the same and pays it forth to whom it will; and that it does so independently of any control by the superior authority of the state. The validity of this contention is the one question presented on this appeal. Concededly, if the fair board be an arm or agency of the state, it is not suable. We have then only to consider the question: Is it, or is it not, an arm of the state?

We have heretofore answered the question both directly and indirectly. In Hern v. Iowa State Agricultural Society, 91 Iowa 97, 58 N. W. 1092, 24 L. R. A. 655, we answered it directly in the affirmative. We did likewise in State v. Cameron, 177 Iowa 262, 158 N. W. 470, L. R. A. 1916F, 578. We answered the same question indirectly in Hollingshead v. Board of Control, 196 Iowa 841, 195 N. W. 577, which was an action brought against the board of control. We answered it likewise in Cross v. Donohue, 202 Iowa 484, 210 N. W. 532, which was an action against the superintendent of the insane hospital. We answered it likewise again in Long v. Highway Commission, 204 Iowa 376, 213 N. W. 532, which was an action against the highway commission, as such. In view of these settled precedents, we are not disposed to discuss at length the pros and cons of the question. The contention of appellant that the purported defendant is a voluntary corporation interested as such in the actual ownership of property is thoroughly negatived in the cited cases. This board is purely a legislative creation. The method and purpose of its creation are set forth in chapter 135, Code 1931 (section 2873 et seq.). It will be noted that the governor of the state is made a member of the board ex officio. The same is true of the secretary of agriculture. The method of the selection of its officers and employees is provided. No one is allowed to have any stock therein nor to have any pecuniary interest therein other than the statutory salaries, which are awarded to certain of the officials. No power is conferred upon any member thereof to do aught than to perform the specified duties assumed by the state and imposed upon this agency. We are not alone in our holding on this question. It has arisen at various times in other states, and has been

passed upon by their respective courts. These courts have spoken with one voice and have held without exception to the same effect as we ourselves have done. One apparent exception to this rule should be noted. It is the case of Lane v. Minnesota State Agricultural Society, 62 Minn. 175, 64 N. W. 382, 29 L. R. A. 708. This case is cited and relied on by the appellant. In that case the Minnesota supreme court held that the Minnesota State Agricultural Society was not an arm of the state, but was a voluntary organization organized privately by, and for the benefit of, its promoters. The distinction to be borne in mind is that the Agricultural Society under consideration in that case was not at all a legislative creation. At the time of its organization and at the time of such decision, there was no legislation in Minnesota which purported to create or organize a state fair. The organization actually effected was the creature of its private organizers. They selected and adopted its comprehensive name. The holding, therefore, is not an exception to the rule, which we have followed. In support of this contention we need only refer to the later Minnesota case of Berman v. Minnesota State Agricultural Society, 93 Minn. 125, 100 N. W. 732. What happened in Minnesota was that some time after the decision in the Lane case the Minnesota legislature enacted legislation very similar to chapter 135 of our Code. It adopted the very name of the previous voluntary corporation. The question of the suability of this latter society arose in the Berman case here cited. In that case the Minnesota supreme court distinguished the Lane case as herein indicated, and held that the purported defendant herein, the Minnesota State Agricultural Society, *was* an arm of the state and *was not* suable.

The following quotation from our Hern case, 91 Iowa 97, 58 N. W. 1092, 24 L. R. A. 655, is a sufficient indication of the general ground for holding the purported defendant to be non-suable:

"The only question for us to determine is as to the liability of the society for the acts complained of; and at the outset it is important to have in mind that the society is in no sense a corporation for pecuniary profit. It is an agency of the state. It exists for the sole purpose of promoting the public interest in the business of agriculture. Its public character more fully appears when we consider that its organization is provided for by statute; that it has no

stockholders; that by law the president of each county agricultural society in the state, or other delegate therefrom, duly authorized, is made a member of the board of directors; that said board is required to make annual reports to the governor, which are to be distributed throughout the state; that the powers of the board are prescribed by statute. Code, sections 1103-1108, 1114-1116. * * * [Page 100 of 91 Iowa, 58 N. W. 1092, 1093.] Not being a corporation for pecuniary profit, the defendant society's liability is not controlled by the rules of law applicable thereto. The society is an arm or agency of the state, organized for the promotion of the public good, and for the advancement of the agricultural interests of the state. It would be manifestly wrong to permit its funds to be used to pay damages arising out of the commission of wrongful acts by its officers and servants, and which are in no wise connected with the object and purpose of the society's creation."

In view of the harmony of authority on this question, we are not disposed to pursue the discussion into further detail.

The order of the district court is accordingly affirmed.

KINDIG, C. J., and ALBERT, DONEGAN, CLAUSSEN, and STEVENS, JJ., concur.