## Shoey et al. v. Jones

*F. Joseph Thomas* and *Leland J. Culbertson,* for complainants.

*Samuel M. Jackson,* Deputy Attorney General, and *J. Perry Eckels,* for respondent.

MOOK, P. J., October 25, 1948.—On September 23, 1948, plaintiffs filed a petition in this court, supported by affidavits alleging irreparable damage, and an injunction bond in the sum of $500, praying that a preliminary injunction immediately be issued against Frank E. Jones, defendant, as representative, servant, agent and employe of the Department of Agriculture of the Commonwealth of Pennsylvania, to restrain him and other such representatives from performing or causing to be formed any of the following acts:

"(a) From testing cattle owned by the plaintiffs, and other herd owners, or maintained on farms owned and/or leased by them,

"(b) From establishing any quarantines of any kind or nature whatsoever by reason of any such tests if any have been made, prior to the service of this bill upon them,

"(c) From taking any action condemning, or causing to be condemned, any cattle owned by the plaintiffs and other herd owners, and/or on farms operated

by them, without the consent of the respective owner, or owners, of said animals.

"(d) From imposing or enforcing any prohibition, restrictions, or limitations, on the right of the plaintiffs and other herd owners to operate the aforesaid farms, or to deal in, control, and maintain, the cattle, and livestock, upon said farms, without the consent of said plaintiffs, and other herd owners,

"(e) From enforcing, or attempting to enforce, the Act of April 17, 1929, P. L. 533, section 4, its various supplements and amendments, so far as the plaintiffs and other herd owners are concerned."

The bill alleged inter alia:

"That the law and authority under which the defendants have acted and again threaten to act is unjust, unconstitutional, and void, and results in depriving plaintiffs and other herd owners of their property without due process of law, and will in the future again so result if the defendants are permitted to carry out said tests and act pursuant to the results thereof."

We granted a preliminary injunction and fixed a hearing thereon for September 28, 1948. It appeared that one of the counsel for plaintiffs was engaged in the Supreme Court of Pennsylvania that day and accordingly the hearing was continued until September 30th.

On that day defendant appeared by counsel, Samuel M. Jackson, Deputy Attorney General of the Commonwealth of Pennsylvania, and J. Perry Eckels, and filed preliminary objections in the nature of a petition to dismiss as follows:

"And now come the defendant, Frank E. Jones, and the Commonwealth of Pennsylvania, by Samuel M. Jackson, Deputy Attorney General of the Commonwealth of Pennsylvania, and object to the bill of equity filed in the above-entitled case, and aver the following in support thereof:

"First: The defendant, Frank E. Jones, is an officer of the Department of Agriculture of the Commonwealth of Pennsylvania, as alleged in paragraph two of the bill of complaint, and as such is engaged in effecting the laws of the Commonwealth of Pennsylvania as the same relate to 'animal industry'.

"Second: For the foregoing reasons, the Commonwealth of Pennsylvania is the real party in interest in the above-entitled action and, if the same is necessary, ask leave to hereby intervene as a real party defendant.

"Third: The Common Pleas Court of Crawford County, sitting in equity is, under the law of Pennsylvania, Act of May 26, 1931, P. L. 191, without jurisdiction, either at law or in equity, to compel a State officer to perform, or restrain him from performing any official act. Under the foregoing act of assembly, all such actions shall be entered in the Court of Common Pleas of Dauphin County, Pennsylvania.

"Fourth: The Commonwealth of Pennsylvania may not be sued without its consent.

"Fifth: For the foregoing reasons, the defendant and the Commonwealth of Pennsylvania, respectfully pray that the above-entitled action be dismissed."

No further motion was made to join the Commonwealth of Pennsylvania, the Secretary of Agriculture of the Commonwealth of Pennsylvania or the Department of Agriculture of the Commonwealth of Pennsylvania as parties to the case.

We reserved our decision on the preliminary objections until the conclusion of the testimony.

Petitioners then proceeded to offer testimony to the effect that they and their counsel, Leland J. Culbertson, met with defendant, Dr. Jones, and Dr. Graybill of the Department of Animal Industry. At that time Dr. Graybill and Dr. Jones stated that they were going to seize the cattle of one Clyde Rust that had been condemned some time ago, and if he resisted they

would send State officials or State police to his farm and take them forcibly. They further stated that they were going to take every herd owners' cattle condemned in Crawford County by the same method.

Considerable other testimony was offered to show that plaintiffs, acting as a committee, had circulated petitions among the herd owners of Crawford County, and that a number of them had signed these petitions asking for decontrol. No testimony was offered to explain the full meaning of this procedure, but counsel for plaintiffs stated that Secretary Horst advised petitioners that if a majority of herd owners submitted such petitions that the Department of Agriculture would remove the present controls. At the conclusion of the testimony the counsel for defendant and for the Commonwealth again pressed their preliminary objections on the ground that this Court of Crawford County lacked jurisdiction. We continued the case until October 25, 1948, which is the first open date on our court calendar, and inasmuch as neither defendant or the Commonwealth offered any evidence or made any denial whatsoever of the matters contained in the original bill, we continued the injunction until that date.

We ordered the testimony transcribed, which was received by the court on October 20, 1948, and now after a careful review of the testimony and the law we have reached a conclusion that the preliminary objections to the bill must be sustained.

The Act of April 17, 1929, P. L. 533, the enforcement of which is restrained, is entitled "An Act regulating the quarantining of animals".

Section 2 defines dangerous transmissible disease and among such diseases named is Bangs Disease or infectious abortion. Section 4 of the act provides that:

"When deemed necessary by the Department of Agriculture to prevent the spread of disease, any

animal brought into the Commonwealth in violation of the order of quarantine may be quarantined, or treated or killed, by the Department of Agriculture, and any goods, products or materials suspected of carrying contagion, that are brought into the Commonwealth in violation of the order of quarantine, may be quarantined or disinfected or destroyed by the Department of Agriculture at the owner's expense."

The Act of June 22, 1931, P. L. 682, as amended by the Act of May 29, 1935, P. L. 259, further provided for compensation by the Commonwealth for animals destroyed under the foregoing provisions of the Act of 1929 and for the payment of salvage realized from the sale of live animals so condemned.

The Act of 1929, supra, sec. 9, further provides that:

"The Department of Agriculture shall, through its officers and agents, be charged with the enforcement of this act, and shall have the power to make all needful rules and regulations for the enforcement thereof."

Defendants' motion to dismiss the bill for lack of jurisdiction is based upon the provisions of the Act of May 26, 1931, P. L. 191, which provides that:

"All actions at law or in equity by which it shall be sought to compel a State Officer to perform or to restrain him from performing any official act in the execution of the laws of the Commonwealth shall be instituted in the court of Common Pleas of Dauphin County, and, for such purpose, jurisdiction of all such actions is hereby conferred upon that court."

Plaintiffs, however, contend that the Act of 1931 does not apply to this case since defendant, Frank E. Jones, is not a State officer.

It is plain from the bill and the testimony taken at the preliminary hearing that it is the purpose of plaintiffs to prevent the Department of Agriculture of the Commonwealth of Pennsylvania from enforcing

the provisions of the Act of 1929 and its amendments as it is required to do by section 9 of that act.

It is true that the Act of 1931 defines the term "State Officer" as the head of any administrative department or the chief executive officer of any independent administrative board or commission of the Commonwealth, and it is true that defendant in the case is neither; but if the effect of the decree sought is to restrain the Commonwealth or its officers from performing official duties, then it is in effect a suit against the Commonwealth, and the latter being sovereign, has a right to name the forum.

This being the intent of the present bill, the Act of 1931 applies. The rule is stated in 59 C. J. 307, as follows:

"It is now well settled that the question of whether a particular suit is one against a state is not to be determined solely by reference to the nominal parties to the record, and the fact that the state is not named as a party defendant does not conclusively establish that the suit is not within the rule prohibiting suits against the sovereign without its consent. . . . Accordingly it is well settled, as a general proposition, that, where a suit is brought against an officer or agency with relation to some matter in which defendant represents the state in action and liability, and the state, while not a party to the record, is the real party against which relief is sought so that a judgment for plaintiff, although nominally against the named defendant as an individual or entity distinct from the state, will operate to control the action of the state or subject it to liability, the suit is in effect one against the state and cannot be maintained without its consent."

We have not found any appellate court decisions construing the provisions in the 1931 act. Questions similar to the one presented in this case have been

before several of the common pleas courts of the State and it has uniformly been held that:

"Whether a suit is one against the Commonwealth is not to be decided solely by reference to the nominal parties; the test is whether defendant represents the Commonwealth in action and liability, so that a judgment for plaintiff will operate to control the action of the Commonwealth or to subject it to liability": Zaengle et al. v. Buckius, District Engineer, et al., 20 D. & C. 373; Downs et al. v. Lewis, Secretary of Highways, et al., 17 D. & C. 427.

In the latter case the court said:

"The general rule applies that where a suit is brought against an officer or agency with relation to some matter in which the defendant represents the state in action and liability, and the state, although not a nominal party to the record, is the real party against which relief is sought, so that a judgment for plaintiff, although nominally against the named defendant, will operate to control the action of the state or subject it to liability, the suit is, in effect, one against the state and cannot be maintained without its consent: 59 C. J. 307, §464. Accordingly, it has been held that suits to enjoin officers from doing official acts which are the acts of, or at least for the direct benefit of, the state, are actions against the state: In re Ayers, 123 U. S. 443; Fitts v. McGhee, 172 U. S. 516, 525; Long v. Highway Commission of Iowa et al., 204 Iowa 376, 213 N. W. 532; State v. Rich, 126 Md. 643, 95 Atl. 956; Curtis and Hill Gravel and Sand Co. v. State Highway Commission, 91 N. J. Eq 421, 111 Atl. 16; Cope et al. v. Hastings et al., 183 Pa. 300, 323."

A similar decision was found in Hinnershitz Cemetery Co. v. Miller, 32 Berks 185. In that case an injunction was sought against defendant, Miller, a contractor, to restrain him from appropriating a part

of plaintiff's cemetery in the construction of a public highway. A petition to dismiss was filed on the grounds that under the Act of 1931 jurisdiction resided exclusively in the Court of Common Pleas of Dauphin County. Plaintiff replied that it had not sought any action against any State officer, that its suit was against Miller, an individual, and that the Secretary of Highways voluntarily entered the case. The court said that it appeared from the bill that Miller was being sued because he was under a contract to the Department of Public Highways for reconstruction and relocation of a road and "It follows that the Secretary of Highways has such an interest . . . that 'a final decree could not be entered without affecting it' and that, therefore, he is an indispensable party to this proceeding who, despite plaintiffs failure to join him . . . could have and should have been joined upon application of Miller. . . . One of the attributes of the sovereignty of the Commonwealth is that it can not be sued without its own consent. It is a corollary to this that the Commonwealth speaking through the legislature may designate the forum in which its officers may be required to answer the suit of a citizen. The Act of 1931 is, therefore, a valid legislative provision and, in our opinion, confers exclusive jurisdiction over the present cause of action upon the Court of Common Pleas of Dauphin County."

Similar decisions are found in Shinehouse v. Brownmiller et al., 54 Montg. 368, and Novak v. Sirlin et al., 54 D. & C. 567.

Now, in the present case, the bill alleges in Paragraph 2 that:

"The defendants are representatives of, and/or servants, agents and employes of the Department of Agriculture of the Commonwealth of Pennsylvania, and/or of the Commonwealth of Pennsylvania."

In Paragraph 5, it is further averred that:

"The defendants are now threatening to make further tests of the cattle owned by the plaintiffs for the purpose of allegedly ascertaining whether they have Bang Disease, or other infectious disease, and, on the basis of said tests, to impose numerous quarantines, restrictions and prohibitions against the plaintiffs, their farms, and limiting the right of said plaintiffs to operate said farms and to deal in, dispose of, or otherwise control said cattle and said farms."

Furthermore, it appeared from the testimony, particularly of Leland J. Culbertson, that Dr. Jones, defendant, was working under Dr. Graybill of Harrisburg of the Department of Animal Industry, who in turn was working directly under Dr. Fisher and that they were under instructions to seize the cattle in question. It is not specified whose instructions they were under, but the inference is clear that they were acting under the orders and directions of the Secretary of the Department of Agriculture of the Commonwealth of Pennsylvania.

It, therefore, clearly appears from the bill and the testimony considered together that the acts which plaintiffs seek to restrain defendant from doing are acts which defendant has been ordered to do as part of his official duty to enforce the provisions of the quarantine law of the Commonwealth as an agent and representative of the Department of Agriculture. It, therefore, follows that the real party in interest is the Commonwealth and more particularly, the Department of Agriculture.

It is our judgment, therefore, that the Act of 1931 applies to this case and gives jurisdiction of the cause now before us exclusively to the Court of Common Pleas of Dauphin County.

Accordingly, we enter the following

*Order*

And now, October 25, 1948, for the foregoing reasons, the bill in equity is dismissed and the preliminary injunction is dissolved without prejudice to plaintiffs and plaintiffs are referred to the Court of Common Pleas of Dauphin County, which has sole jurisdiction of the cause of action.